RYDER, Judge.
Appellant’s counsel filed an Ander’s brief[1] in this case where appellant was sentenced to seventy-five years for first-degree burglary and seventy-five years for sexual battery, both sentences to run concurrently. However, for reasons expressed below we vacate his seventy-five year sentence for sexual battery while affirming his convictions for burglary and sexual battery.
Burglary may be a first, second, or third-degree felony, depending upon the allegata and probata. § 810.02, Fla.Stat. (1979). To convict a defendant of first-degree felony burglary, the state must plead and prove not only the essential elements of burglary as defined in section 810.02(1), but also that, in the course of committing the burglary, the defendant either made an assault upon a person or was armed or armed himself within the structure with explosives or a dangerous weapon.
Here, the state charged appellant with first-degree felony burglary by including in the charging language the allegation that, during the course of the burglary, appellant made an assault, to wit: sexual battery upon the victim. In order to convict appellant of the charged offense, the state had to prove that appellant committed a sexual battery upon the victim. Thus, the finding that appellant committed a sexual battery was indispensable to the first-degree felony burglary conviction.
Our supreme court recently held in State v. Hegstrom, 401 So.2d 1343 (Fla.1981), that where the crime of first-degree murder committed during the course of a robbery requires, by definition, proof of the predicate robbery, the latter is necessarily an offense included within the former. The court then reasoned that Hegstrom could not be sentenced both for felony murder and for the underlying felony under the legislative intent test used in Whalen v. United States, 445 U.S. 684, 63 L.Ed.2d 715, 100 S.Ct. 1432 (1980), and section 775.021(4), Florida Statutes (1979), which states:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode. ...
The court concluded that while Hegstrom was barred from multiple sentences, there was no bar to multiple convictions. See also Sands v. State, 403 So.2d 1090 (Fla.3d DCA 1981).
In our case, appellant cannot be sentenced both for first-degree felony burglary and sexual battery, but can be convicted and adjudicated guilty of both. By doing this we recede from that portion of McRae v. State, 383 So.2d 289 (Fla.2d DCA 1980), which holds that a person cannot be convicted of both burglary and sexual battery when the sexual battery is indispensable to the first-degree burglary conviction.
Accordingly, appellant’s convictions and judgments of guilt for first-degree burglary and sexual battery are affirmed, as is the sentence of seventy-five years imprisonment for first-degree burglary, but his concurrent sentence of seventy-five years for sexual battery is vacated.
BOARDMAN, Acting C. J., and GRIMES, J., concur.

. In the instant case, the public defender’s office filed this brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating there was no meritorious argument to show the trial court committed reversible error.