DELL, Judge.
Eric Anthony Brown appeals from his conviction for burglary with an assault. Appellant has demonstrated no reversible error with respect to his conviction, but we must remand this cause for resentencing.
Appellant was seventeen at the time of the offense. The trial judge determined that since appellant had been indicted, he was not transferred for prosecution to the criminal division of the circuit court pursuant to Chapter 39, and thus did not qualify as a youthful offender. § 958.04(l)(a), Fla. Stat. (1979). Since the time of the trial of this case the Supreme Court has since held that a minor initially proceeded against by indictment is to be considered “transferred” for purposes of Section 958.04(l)(a), Florida Statutes (1979). State v. Goodson, 403 So.2d 1337 (Fla.1981).
The State argues that the term “life felony” in Section 958.04(l)(c) means all crimes punishable by life imprisonment, and that appellant does not qualify for mandatory youthful offender treatment. This is incorrect. A life felony is different from a felony in the first degree punishable by life imprisonment. Trent v. State, 403 So.2d 1131 (Fla. 4th DCA 1981). Therefore we remand this cause for resentencing under Section 958.04, Florida Statutes (1979).
REMANDED FOR RESENTENCING.
DOWNEY and ANSTEAD, JJ., concur.