SHIVERS, Judge.
McNeil appeals the order of the trial court denying his Fla.R.Crim.P. 8.850 motion for post-conviction relief. Appellant contended in his 3.850 motion that he meets the criteria for treatment as a youthful offender under Chapter 958, Florida Statutes. The trial court denied the motion based on section 958.04(l)(c), Florida Statutes, which provides that no person who has been found guilty of a capital or life felony may be classified as a youthful offender. Because appellant was not convicted of a capital or life felony, we reverse and remand.
Appellant entered a plea of guilty and was adjudicated guilty of murder in the second degree. Under section 782.04(2), Florida Statutes (1981), murder in the second degree is a felony of the first degree punishable by imprisonment for a term of years not exceeding life. As this court stated in Williams v. State, 405 So.2d 436 (Fla. 1st DCA 1981):
*179 [Authorization of imprisonment for “a term of years not exceeding life” under § 782.04(2) does not reasonably support classification of the offense as a life felony for Chapter 958 purposes ....
Id. at 438. See also Brown v. State, 412 So.2d 58 (Fla. 4th DCA 1982). Therefore, the trial court erred in not considering whether appellant should be classified as a youthful offender.
Appellant’s further contention that the court must sentence him under the provisions of the Youthful Offender Act is without merit. Bell v. State, 429 So.2d 408 (Fla. 1st DCA 1983).[1]
Accordingly, the order of March 9, 1983, is REVERSED and this cause REMANDED for further consistent proceedings.
MILLS and BOOTH, JJ., concur.

. The offense in the instant case occurred on April 9, 1982. Thus, the 1980 amendment to section 958.04(2), Florida Statutes, discussed in Bell, applies here. We note, however, that consideration of the criteria contained in section 958.04(2), Florida Statutes (1981) is mandatory when a person meets the requirements of section 958.04(1).