ERVIN, Judge.
Cliff Jackson appeals the trial court’s dismissal of his motion to correct illegal sentence. Because the trial court incorrectly determined that Jackson’s claims were not cognizable under Florida Rule of Criminal Procedure 3.800(a), we reverse and remand for further proceedings.
Jackson and an accomplice committed an armed robbery of a savings and loan association in 1982, during which they killed a police officer and wounded another. Jackson pled guilty and was convicted of felony murder, attempted murder, and three counts of armed robbery. He asserts that the three armed-robbery sentences were imposed for his removal of money from the cash drawers of three tellers. Jackson received a life sentence for the murder conviction, with a 25-year minimum mandatory sentence, and concurrent life sentences for each additional conviction.
Jackson filed a motion pursuant to rule 3.800(a), claiming that under the double-jeopardy clause, he could not be sentenced separately for three counts of armed robbery which occurred during the same criminal episode, nor could he be sentenced separately for armed robbery and felony murder, as the underlying felony was armed robbery. The trial court addressed only the first argument and dismissed the motion, holding that Jackson’s double-jeopardy challenge applied to his convictions, rather than his sentences, and thus his motion was not cognizable under rule 3.800(a). The court construed the motion as being one pursuant to Florida Rule of Criminal Procedure 3.850 and concluded that it was untimely, because it was filed more than two years after his convictions had become final and did not fall within any recognized exception to the two-year limitation.
We cannot agree. We conclude that Jackson did not challenge his convictions, but instead attacked only his sentences under case law existing at the time he committed his offenses. Accordingly, the trial court should have considered the merits of his arguments under rule 3.800(a). We nevertheless reject as a matter of law Jackson’s first argument. When Jackson committed his offenses, case law held that if a defendant is convicted of multiple counts which are facets of the same transaction, known as a single-transaction ease, only one sentence may be imposed for the highest offense charged. Cone v. State, 285 So.2d 12 (Fla.1973); Fundak v. State, 362 So.2d 295 (Fla. 2d DCA 1978). Committing multiple robberies of one entity involving several victims, however, is considered a single-episode case, not a single-transaction case. Brown v. State, 430 So.2d 446 (Fla.1983); O’Neal v. State, 323 So.2d 685 (Fla. 2d DCA 1975), cert. denied, 334 So.2d 607 (Fla.1976); Harris v. State, 286 So.2d 32 (Fla. 2d DCA 1973). In single-episode cases, a defendant may be convicted and sentenced for committing several crimes within a single criminal episode.[1]
In contrast, the trial court did not address Jackson’s second argument relating to his sentences for both felony murder and the underlying armed robbery, which may be a valid claim under rule 3.800. In State v. Hegstrom, 401 So.2d 1343 (Fla.1981), the court held that a defendant may be convicted of felony murder and the underlying felony of robbery, but could not be sentenced for both, in that multiple sentences violate the *1028 double-jeopardy clause. In the case at bar, Jackson committed his offenses of felony murder and armed robbery as the underlying felony, on October 19, 1982, and was convicted and sentenced in March 1983; therefore, the Hegstrom rule applied,[2] and Jackson should not at such time have been sentenced for both crimes, although the convictions were proper.
Therefore, we reverse the dismissal of the motion and remand the case with directions to the trial court to consider whether Heg-strom applies to Jackson’s sentences, and, if so, whether his guilty plea precludes him from collaterally attacking his sentence.
REVERSED and REMANDED.
MINER and WOLF, JJ., concur.

. Moreover, section 775.021(4), Florida Statutes (1977), enacted in 1976, abrogated the single-transaction rule. Borges v. State, 415 So.2d 1265 (Fla.1982).

. Hegstrom, however, was overruled four years later. State v. Enmund, 476 So.2d 165 (Fla.1985) (holding that an underlying felony is not a necessarily lesser included offense of felony murder; consequently a defendant may be convicted and sentenced for both felony murder and the underlying felony).