667 So.2d 253 (1995)
Charles W. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3499.
District Court of Appeal of Florida, First District.
August 31, 1995.
Appellant pro se.
*254 Robert A. Butterworth, Attorney General; Thomas Falkinburg, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Charles W. Lee appeals an order of the circuit court denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). On appeal, Lee raises three grounds for relief, only one of which merits discussion: Lee alleges that the trial court was required, at the time of his sentencing, to classify him as a youthful offender, pursuant to section 958.04, Florida Statutes (1979).
At the time of Lee's offense, there was no requirement that the trial court sentence him as a youthful offender, although, if he met the requirements of section 958.04(1), Florida Statutes (Supp. 1980), Lee would have been entitled to be considered for sentencing as a youthful offender, and a lack of such consideration could have been remedied on direct appeal. We conclude, in light of our supreme court's recent decision in Davis v. State, 661 So.2d 1193 (Fla. 1995), that whether Lee should have been considered for sentencing as a youthful offender is not cognizable on a Rule 3.800 motion or otherwise collaterally. See also State v. Callaway, 658 So.2d 983 (Fla. 1995). But the matter is not entirely free from doubt, and we certify the question as a matter of great public importance.
On August 4, 1981, after pleading guilty to second degree murder, Lee was sentenced to 120 years in prison, well in excess of the maximum allowed if sentence had been pronounced under section 958.04, the youthful offender statute. In his motion, Lee alleges that, because the offense occurred on November 18, 1980, when he was seventeen years old, section 958.04 mandated that he be classified as a youthful offender. The motion relies specifically on section 958.04(2), Florida Statutes (1979).
As of October 1, 1980, however, the statute, which lists several criteria, was amended to require only that they "shall be considered in determining whether to classify as a youthful offender a person who meets the requirements of subsection (1)[.]" § 958.04(2), Fla. Stat. (Supp. 1980). The version of the statute which applied in Lee's case only mandates "consideration of the criteria contained in section 958.04(2), Florida Statutes (1981) ... when a person meets the requirements of section 958.04(1)." McNeil v. State, 438 So.2d 178, 179 n. 1 (Fla. 1st DCA 1983).[1] The statute[2] does not dictate that the defendant be sentenced as a youthful offender in every case in which it applies.
In the order denying Lee's motion to correct an illegal sentence, the circuit judge (who was not the sentencing judge) concluded that Lee was ineligible for classification as a youthful offender because he was convicted of a life felony.
In his motion, the defendant contends he met the criteria for classification as a youthful offender and should have been sentenced as such. However, section 958.04, Florida Statutes (1981), provides that "... no person who has been found *255 guilty of a capital or life felony may be classified as a youthful offender under this act." § 958.04(1)(c), Fla. Stat. (1981). As the defendant was convicted of a life felony, he was not subject to classification as a youthful offender. Accordingly, the defendant's first ground for relief is without merit.
The statutory language set out in the trial court's order was in effect at the time of the offense. We agree with the trial court's conclusion that, if Lee was convicted of a life felony, he was not eligible even to be considered for classification as a youthful offender. § 958.04(1)(c), Fla. Stat. (Supp. 1980).
But it is not clear why the judgment designates his crime a life felony, or that this designation is correct. The plea agreement states that the negotiated sentence is for "Murder II." The judgment bears an "offense statute number" of 782.04(2). Section 782.04(2), Florida Statutes (Supp. 1980), proscribes murder in the second degree, a "felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084." "[A]uthorization of imprisonment for `a term of years not exceeding life' under § 782.04(2) does not reasonably support classification of the offense as a life felony for Chapter 958 purposes... ." McNeil, 438 So.2d at 179, quoting Williams v. State, 405 So.2d 436, 438 (Fla. 1st DCA 1981). The record does not show conclusively that Lee was convicted of a life felony.[3]
Our supreme court has recently held that within the meaning of Rule 3.800(a), a sentence is "illegal" only if "it exceeds the maximum period set forth by law for a particular offense" and that the failure to file contemporaneous written reasons for a departure sentence does not render the sentence illegal. Davis, 661 So.2d at 1196-97. In light of Davis, we affirm Lee's sentence.
We recognize, however, that there are differences between the failure to file contemporaneous written reasons for a departure sentence and the failure to consider a defendant for classification as a youthful offender based on the apparently erroneous assumption that the defendant committed a life felony and thus is not eligible for such consideration. We therefore certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER THE TRIAL COURT'S FAILURE TO CONSIDER A DEFENDANT FOR CLASSIFICATION AS A YOUTHFUL OFFENDER IS COGNIZABLE UNDER RULE 3.800(A), FLORIDA RULES OF CRIMINAL PROCEDURE.
ERVIN, MINER and BENTON, JJ., concur.
NOTES
[1] McNeil makes it clear that the statute in effect at the time of the offense should govern.
[2] The 1981 version of section 958.04, Florida Statutes, is identical to the version in force at the time of appellant's offense.

The 1979 version provided:
(2) A person shall be classified a youthful offender if such person meets the criteria of subsection (1) and such person:
(a) Has not previously been found guilty of a felony, whether or not the adjudication of guilt has been withheld; or
(b) Has not been adjudicated delinquent for an act which would be a capital, life, or first degree felony if committed by an adult.
(Emphasis supplied.) But the statute was amended effective October 1, 1980. Ch. 80-321, §§ 1, 2, at 1388-89, Laws of Fla.
Under the amended statute, adjudication for an act constituting a first degree felony was no longer disqualifying, and classification ceased to be mandatory.
Section 39.02(5)(c), Florida Statutes, was amended effective October 1, 1981 to read:
3. If the child is found to have committed the offense punishable by death or by life imprisonment, the child shall be sentenced as an adult... .
This more recent language, which was deleted effective October 1, 1994, by Ch. 94-209, § 19, at 1253, Laws of Florida, is not applicable to Lee because his offense, conviction and sentence all occurred before the effective date.
[3] There is nothing in the record to indicate that Lee used a firearm in the commission of the crime, see § 775.087(1)(a), Fla. Stat. (1980 or 1979), or that this first degree felony should be reclassified as a life felony on any other basis.