JOANOS, Judge.
This is an appeal from the denial of appellant’s rule 3.800 motion for post-conviction relief. One of the issues raised in the motion was whether appellant’s 1992 resentencing, which increased his sentence in response to his 1992 rule 3.800 motion for post-conviction relief, but did not exceed the statutory maximum, is an illegal sentence. We requested a response from the State on this issue, specifically on the effect of Troupe v. Rowe, 283 So.2d 857 (Fla.1973) (prohibiting increasing a legal sentence once it has commenced on double jeopardy grounds).
Citing the narrow definition of an illegal sentence in Davis v. State, 661 So.2d 1193 (Fla.1995) (“an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines”), the State explained in its response that while the resentencing violated double jeopardy, it did not result in an illegal sentence cognizable under rule 3.800. The state further asserted that appellant’s remedies were either a direct appeal of the 1992 order which resulted in resentencing, or a timely 3.850 motion. Our records indicate that appellant’s direct appeal following the 1992 resentencing was dismissed, and the two year bar for filing a 3.850 motion now applies. We affirm based on Davis, but because of the nature of the issue, certify a question of great public importance.
“The prohibition against double jeopardy is ‘fundamental.’ ” Lippman v. State, 633 So.2d 1061, 1064 (Fla.1994), citing Benton v. Maryland, 395 U.S. 784, 795-96, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707 (1969). “ ‘[T]he failure to timely raise a double jeopardy claim does not, in and of itself, serve as a waiver of the claim.’ ” Id. citing State v. Johnson, 483 So.2d 420, 423 (Fla.1986). In addition, this appears to be a situation in which the issue can be resolved as a matter of law without an evidentiary hearing. See State v. Callaway, 658 So.2d 983 (Fla.1995). Prior to Davis, this court determined that when only the sentence, not the conviction, is attacked as violating double jeopardy, the claim was cognizable as an illegal sentence under rule 3.800. See Jackson v. State, 650 So.2d 1026 (Fla. 1st DCA 1995).
*906 In Lee v. State, 667 So.2d 253 (Fla. 1st DCA 1995), we recognized a possible distinction between the issue addressed in Davis, which involved the filing of contemporaneous written reasons for a guidelines departure sentence, and the particular sentencing situation involved in Lee. As in Lee, we certify a question of great public importance regarding the availability of a rule 3.800 motion in the present context:
WHETHER A SENTENCE WHICH VIOLATES DOUBLE JEOPARDY PRINCIPLES ACCORDING TO TROUPE v. ROWE, 283 So.2d 857 (Fla.1973), IS AN ILLEGAL SENTENCE COGNIZABLE UNDER RULE 3.800(a), FLORIDA RULES OF CRIMINAL PROCEDURE?
BOOTH, J., concurs.
BENTON, J., dissents with opinion.