697 So.2d 164 (1997)
Linda Denise WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3116.
District Court of Appeal of Florida, First District.
June 9, 1997.
Rehearing Denied July 24, 1997.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
In this direct appeal from judgments and sentences entered following revocation of community control, appellant claims that her guidelines scoresheet was incorrectly calculated. The state asserts that the appeal should be dismissed for lack of jurisdiction in light of the fact that appellant entered a plea, without objecting to any scoresheet error at sentencing and without filing a motion to correct sentence, thus failing to preserve the sentencing error now claimed. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(B)(iv). However, because appellant failed to raise the alleged error either at sentencing, or in a timely motion under Florida Rule of Criminal Procedure 3.800(b), and no fundamental error appears on the record, we affirm the challenged sentence. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996); Amendments to Florida Rule of Appellate Procedure 9.020(g) & Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374 (Fla.1996); § 924.051(3) & (4), Fla. Stat. (Supp.1996); Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997).[1]
AFFIRMED.
ALLEN and WEBSTER, JJ., concur.
NOTES
[1] Appellant's constitutional challenges to the applicability of Chapter 924, Florida Statutes (Supp.1996) to her case have been rejected in Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997).