708 So.2d 263 (1998)
Darin S. HOPPING, Petitioner,
v.
STATE of Florida, Respondent.
No. 89515.
Supreme Court of Florida.
February 19, 1998.
*264 Darin S. Hopping, Bonifay, Petitioner, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief, Criminal Appeals; and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We have for review a decision addressing the following question certified to be of great public importance:
WHETHER A SENTENCE WHICH VIOLATES DOUBLE JEOPARDY PRINCIPLES ACCORDING TO TROUPE v. ROWE, 283 So.2d 857 (Fla.1973), IS AN ILLEGAL SENTENCE COGNIZABLE UNDER RULE 3.800(a), FLORIDA RULES OF CRIMINAL PROCEDURE?
Hopping v. State, 674 So.2d 905, 906 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the affirmative and quash Hopping.
Darin Hopping pled guilty to a third-degree felony and was sentenced to a term of thirty months' incarceration to be followed by eighteen months' probation. His probation was revoked in November 1991, and he was resentenced to thirty-six months' incarceration with thirty months and two days' credit for time served. Hopping mistakenly thought that his new sentence equaled sixty-six months,[1] thereby exceeding the sixty-month maximum for third-degree felonies.[2] He requested a sentence correction by filing a motion under Florida Rule of Criminal Procedure 3.800(a), which states:
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
The court responded with an order that had the practical import of doubling Hopping's original sentence:
ORDER CORRECTING AND MODIFYING JUDGMENT AND SENTENCE
This cause came on to be heard upon the Motion For Correction Of Sentence, filed by the Defendant, on or about January 28, 1992, requesting that his sentence be reduced to a maximum of five years with credit for time already served. The Court file reflects that a sentence was imposed upon the Defendant for a third-degree felony, the maximum term for which is five years. Accordingly, it is ORDERED AND ADJUDGED that the Judgment and Sentence entered in this cause on or about November 21, 1991, is hereby corrected and modified as follows:
1. The sentence imposed originally is vacated and in lieu thereof a sentence of sixty (60) months is imposed.
Hopping filed a second rule 3.800 motion, seeking to correct the doubling, which was denied. The First District Court of Appeal affirmed, but certified the foregoing question regarding the availability of a rule 3.800 motion in the present context:
Citing the narrow definition of an illegal sentence in Davis v. State, 661 So.2d 1193 (Fla.1995) ("an illegal sentence is one that exceeds the maximum period set forth by *265 law for a particular offense without regard to the guidelines"), the State explained in its response that while the resentencing violated double jeopardy,[[3]] it did not result in an illegal sentence cognizable under rule 3.800. The state further asserted that appellant's remedies were either a direct appeal of the 1992 order which resulted in resentencing, or a timely 3.850 motion. Our records indicate that appellant's direct appeal following the 1992 resentencing was dismissed, and the two year bar for filing a 3.850 motion now applies. We affirm based on Davis, but because of the nature of the issue, certify a question of great public importance.
Hopping, 674 So.2d at 905.
Hopping argues that because the trial court can determine as a matter of law that his sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the matter is cognizable under rule 3.800. We agree.
In Davis v. State, 661 So.2d 1193 (Fla. 1995), we stated that
[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines.
Id. at 1196. We reaffirmed Davis in State v. Callaway, 658 So.2d 983 (Fla.1995), and explained:
[A]n illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. A rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination.

Callaway, 658 So.2d at 988 (citations omitted)(emphasis added). In the instant case, it can be determined "as a matter of law without an evidentiary [hearing]" that Hopping's sentence was increased upon resentencing in violation of the double jeopardy clause. Thus, as Judge Benton concisely reasoned, the sentence should not be unreachable under a rule expressly intended to correct illegal sentences:
The court today decides that appellant's claim that his sentence was unconstitutionally lengthened, after he had begun serving it cannot be considered under a rule that provides: "A court may at any time correct an illegal sentence imposed by it...." The opinion in Davis v. State, 661 So.2d 1193 (Fla.1995), should not, in my opinion, be read so narrowly. A sentence that has been unconstitutionally enhanced is "an illegal sentence ... [in] that [it] exceeds the maximum period set forth by law for a particular offense without regard to the guidelines."
Hopping v. State, 674 So.2d 905, 906 (Fla. 1st DCA 1996)(Benton, J., dissenting) (citations omitted). We agree with Judge Benton's reasoning and conclude that our holding today does no violence to the rationale of Davis.
Based on the foregoing, we hold that where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800. Accordingly, we answer the certified question in the affirmative and quash the decision below.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Hopping was resentenced to an additional six months' incarceration.
[2] Section 775.082(3)(d), Florida Statutes (1995) provides that "A person who has been convicted... may be punished ... [f]or a felony of the third degree, by a term of imprisonment not exceeding 5 years."
[3] Troupe v. Rowe, 283 So.2d 857 (Fla. 1973) (prohibiting increasing a legal sentence once it has commenced on double jeopardy grounds).