718 So.2d 283 (1998)
Gregory L. ROMANO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1940.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for appellee.
STEVENSON, Judge.
We affirm appellant's conviction for sexual battery. Even if the Division of Statutory Revision (the "Division") improperly modified the sexual battery statute in publishing session law chapter 93-156 in section 795.011(5), Florida Statutes (1993), the error was cured in 1995 when the legislature adopted the published 1993 Florida Statutes as the "official" law. See §§ 11.2421-.2424, *284 Fla. Stat. (1995); cf. Shuman v. State, 358 So.2d 1333, 1337-38 (Fla.1978); Coulter Elecs. v. Department of Revenue, 365 So.2d 806, 809-10 (Fla. 1st DCA 1978); see generally Sandra M. Anderson, Revising: The Process of Statutory Revision in Florida, 6 FLA. ST. U.L. REV. 1427 (1978). Thus, when appellant committed the charged offense in April of 1996, the governing Florida Statutes contained a legislatively-validated sexual battery statute. In any event, we find that there was no improper substantive modification by the Division in 1993, as the legislature, since 1992, has not intended that sexual battery require any force or violence beyond the force or violence inherent in the accomplishment of "penetration" or "union" as those terms are defined in the statutes. See § 794.005, Fla. Stat. (Supp.1992).
We also affirm the imposed sentence of thirteen years incarceration. Appellant claims that the assessment of 80 points under the "Victim Injury" section of the scoresheet for "sex penetration" was error. Although we agree with appellant's analysis of this issue on appeal, the error was not preserved for review.
The controlling statutory provision on April 2, 1996, the date of the offense, was section 921.0011(7), Florida Statutes (1995), which addresses the scoring of victim injury. This section provided:
If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury.
"Severe" injury corresponds to 40 points rather than the 80 points assessed in this case. Other than penetration, there was no additional evidence in the record which could even remotely be construed as severe injury to the victim. Had appellant been assessed 40 victim injury points, rather than 80, the maximum guidelines sentence would be 9.2 years and his thirteen-year sentence would be a departure from the guidelines without the requisite written reasons.
Nevertheless, appellant never objected to the scoresheet in the trial court, nor did he move to correct his sentence in the trial court pursuant to Rule 3.800(b). Thus, this error is not preserved for review, and we do not find that the alleged error renders the sentence imposed in this case so fundamentally wrong that we should address it on direct appeal in the absence of proper preservation below. See § 924.051(3), Fla. Stat. (Supp.1996); Johnson v. State, 709 So.2d 203 (Fla. 4th DCA 1998)(affirming as unpreserved an alleged scoresheet error); Williams v. State, 697 So.2d 164 (Fla. 1st DCA 1997)(same); Fla. R.Crim. P. 9.140(d).
Postconviction relief may well be available to appellant under rule 3.800(a), which allows a trial court at "any time" to correct an "illegal sentence" or an "incorrect calculation made by it in a sentencing guideline scoresheet." In State v. Mancino, 714 So.2d 429, 23 Fla. L. Weekly S301 (Fla.1998), our supreme court recently held that a claim of credit for jail time served is cognizable in a rule 3.800(a) motion to the extent that court records reflect entitlement to that credit. In Mancino, the court noted that its holding in Hopping v. State, 708 So.2d 263 (Fla.1998),[1] made it evident that the court has "rejected the contention that our holding in Davis [v. State, 661 So.2d 1193 (Fla.1995),] mandates that only those sentences that facially exceed the statutory maximums may be challenged under rule 3.800(a) as illegal." 714 So.2d at 433, 23 Fla. L. Weekly at S302. Additionally, postconviction relief might be available to appellant under rule 3.850 for ineffective assistance of trial counsel in failing to adequately preserve appellant's challenge to the improper assessment of victim injury points.
Accordingly, we affirm the sentence without prejudice to appellant filing a motion for postconviction relief in the trial court.
AFFIRMED.
STONE, C.J., and DELL, J., concur.
NOTES
[1] In Hopping, the court held that "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800." Id. at 265.