W. SHARP, J.
Johnson appeals his sentence after a jury convicted him of two counts of robbery with a firearm or deadly weapon.[1] At the sentencing hearing, the court found Johnson did not qualify for juvenile sanctions, but it also said Johnson qualified for youthful offender treatment. The trial judge then imposed a sentence of 137 months, which is an adult sanction, as well as the maximum permissible under the guidelines for armed robbery (a Level 9 offense). The court also contemporaneously entered a written order finding that adult sanctions were suitable.
A conflict appears to exist between the oral pronouncement of the court and the written sentence as to whether the court intended to sentence Johnson as an adult or as a youthful offender. If the latter, the sentence imposed exceeds the permissible length for youthful offender sanctions. See State v. Arnette, 604 So.2d 482 (Fla.1992); Lee v. State, 667 So.2d 253 (Fla. 1st DCA 1995), approved, 679 So.2d 1158 (Fla.1996).
Accordingly, we remand this cause to the trial court for clarification. See Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996).
REMANDED for clarification.
ANTOON, C.J. and GRIFFIN, J., concur.

. § 812.13, Fla. Slat. (1997).