PER CURIAM.
The trial court denied appellant’s motion for post conviction relief on the basis that the motion was not timely filed pursuant to Florida Rule of Criminal Procedure 3.850. *155 Although appellant styled his motion for post conviction relief as having been brought pursuant to Rule 3.850, it appears to us that the actual allegations made in support of the third ground raised in the motion are, on their face, sufficient to allege both that appellant was subjected to a double jeopardy violation on re-sentencing, and that the court records will, on their face, demonstrate entitlement to relief without the necessity of an evidentiary hearing. See Hopping v. State, 708 So.2d 263 (Fla.1998). Under these circumstances, the trial court should have looked beyond the untimeliness of the motion insofar as it properly raised an illegal sentence that could be determined without an evidentiary hearing. We therefore REVERSE in part, and REMAND this matter to the trial court with directions that the third ground of appellant’s motion be treated as a motion under Florida Rule of Criminal Procedure 3.800. The order is otherwise AFFIRMED.
KAHN, BENTON, JJ. and DOUGLASS B. SHIVERS, Senior Judge, CONCUR.