Mr. Henry Dean Executive Director St. Johns Water Management District Post Office Box 1429 Palatka, Florida 32178-1429
Dear Mr. Dean:
On behalf of the St. Johns Water Management District, you ask substantially the following question:
Is the designation of a firm as a certified minority business entity a selection factor to be considered in acquiring services under the Consultants' Competitive Negotiation Act?
In sum:
Until such time as the Legislature clarifies its intent regarding paragraph (4)(b) of section 287.055, Florida Statutes, the statute, read as a whole, requires an agency to consider whether a firm is a certified minority business entity as a selection factor in acquiring services under the Consultants' Competitive Negotiations Act.
The Consultants' Competitive Negotiation Act, section 287.055, Florida Statutes, sets forth requirements for procuring and contracting for certain professional services.[1] Section287.055(3), Florida Statutes, requires an agency to follow certain public announcement and qualification procedures when professional services are needed. Section 287.055(4), Florida Statutes, generally requires an evaluation of firms offering to provide such professional services and a selection of no fewer than three firms deemed to be the most highly qualified to perform the required services. Section 287.055(5), Florida Statutes, sets forth the procedure for competitive negotiation of a contract for the required services while the remainder of section 287.055 provides prohibitions against certain acts, statements of applicability with respect to certain projects or contracts, and a rule of construction with respect to certain other statutory provisions.
Sections 287.055(3)(d) and (4)(b), Florida Statutes, contained in the 2000 edition of the Florida Statutes, respectively provide:
"(3)(d) Each agency shall evaluate professional services, including capabilities, adequacy of personnel, past record, experience, whether the firm is a certified minority businessenterprise as defined by the Florida Small and Minority BusinessAssistance Act of 1985, and other factors determined by the agency to be applicable to its particular requirements. When securing professional services, an agency must endeavor to meet the minority business enterprise procurement goals under s. 287.0945.
* * *
(4)(b) The agency shall select in order of preference no fewer than three firms deemed to be the most highly qualified to perform the required services. In determining whether a firm is qualified, the agency shall consider such factors as the ability of professional personnel; whether a firm is a certified minoritybusiness enterprise; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting an equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most highly qualified firms. The agency may request, accept, and consider proposals for the compensation to be paid under the contract only during competitive negotiations under subsection (5)." (e.s.)
The Division of Statutory Revision in the Office of Legislative Services has placed an accompanying footnote to the text of section 287.055(4)(b), which states:
"Note. — The amendment to s. 287.055 by s. 23, ch. 85-104, was repealed October 1, 1995, by s. 32, ch. 85-104.[2] The text of the amendment to paragraph (3)(d) by s. 23, ch. 85-104, was incorporated in an amendment by s. 45, ch. 96-399, after the October 1, 1995, repeal of s. 23, ch. 85-104, by s. 32, ch. 85-104, took effect.[3] Paragraph (4)(b) was also amended by s. 23, ch. 85-104, but has not been amended since the 1995 repeal. With the language from the s. 23, ch. 85-104, amendment removed, it would read:
(b) The agency shall select in order of preference no fewer that three firms deemed to be the most highly qualified to perform the required services after considering such factors as the ability of professional personnel; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting and equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most highly qualified firms. The agency may request, accept, and consider proposals for the compensation to be paid under the contract only during competitive negotiations under subsection (5)."
As noted by the Division of Statutory Revision, section287.055(3)(d), Florida Statutes, was subsequently amended by section 45, Chapter 96-399, Laws of Florida. There has been, however, no amendment to section 287.055(4)(b).
In the 1995 Florida Statutes, the Division of Statutory Revision noted that further amendments to section 287.055, Florida Statutes, made "revision of the language of section 287.055 to read as it did before the amendment by s. 23, ch. 85-104, impossible" and thus included in the text of section 287.055(4)(b) the minority business enterprise factor "pending clarification by the Legislature."[4]
The Legislature has not clarified the provision; however, the language of section 287.055(4)(b), including the reference to the minority business factor, continues to be reflected in the language of section 287.055 contained in the Florida Statutes. This language has been reenacted several times as a part of biennial reenactment of the Florida Statutes.[5]
In addition, as noted above, section 287.055(3)(d), Florida Statutes, which was readopted by Chapter 96-399, Laws of Florida, requires that in evaluating the professional services of firms, an agency shall consider whether the firm is a certified minority business enterprise. Moreover, the statute requires that when securing professional services, it "must endeavor to meet the minority business enterprise procurement goals[.]"
In light of the above, I am of the opinion that while the Legislature should clarify its intent regarding paragraph (4)(b) of section 287.055, Florida Statutes, the statute, read as a whole, requires an agency to consider whether a firm is a certified minority business entity as a selection factor in acquiring services under the Consultants' Competitive Negotiation Act.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 287.055(2)(a), Fla. Stat., defining "Professional services" as "those services within the scope of the practice of architecture, professional engineering, landscape architecture, or registered surveying and mapping, as defined by the laws of the state, or those performed by any architect, professional engineer, landscape architect, or registered surveyor and mapper in connection with his or her professional employment or practice."
[2] Section 23, Ch. 85-104, Laws of Florida, amended paragraph (d) of subsection (3) and paragraph (b) of subsection (4) of s.287.055 to read:
"(3)(d) Each agency shall adopt administrative procedures for the evaluation of professional services, including, but not limited to, capabilities, adequacy of personnel, past record, and experience, whether the firm is a certified minority businessenterprise as defined by the Florida Small and Minority BusinessAssistance Act of 1985, and such other factors as may be determined by the agency to be applicable to its particular requirements. When securing professional services, an agency shallendeavor to meet the minority business enterprise procurement goalset forth in s. 287.042.
(4)(b) The agency shall select, in order of preference, no fewer than three firms deemed to be the most qualified to perform the required services. In determining whether a firm is qualified, theagency shall consider after considering such factors as the ability of professional personnel; whether a firm is a certifiedminority business enterprise; past performance; willingness to meet time and budget requirements; location; recent, current, and projected workloads work loads of the firms; and the volume of work previously awarded to each firm by the agency, with the object of effecting an equitable distribution of contracts among qualified firms, provided such distribution does not violate the principle of selection of the most qualified firms."
Underscoring reflects additions; strikeout reflects deletions.
Section 32, Ch. 85-104, Laws of Florida, repealed, among others, s. 23 of the act, effective October 1, 1995.
[3] Section 45, Ch. 96-399, Laws of Florida, amended s.287.055(3)(d) to provide:
"Each agency shall evaluate professional services, including capabilities, adequacy of personnel, past record, experience, whether the firm is a certified minority business enterprise as defined by the Florida Small and Minority Business Assistance Act of 1985, and other factors determined by the agency to be applicable to its particular requirements. When securing professional services, an agency must endeavor to meet the minority business enterprise procurement goals under s. 287.0945."
[4] See, n. 1, s. 287.055, Fla. Stat. (1995), p. 517.
[5] See, s. 11.2421, Fla. Stat., and Chs. 97-97 and 99-10, Laws of Florida. And see, Romano v. State, 718 So.2d 283 (Fla. 4th DCA 1998), stating:
"Even if the Division of Statutory Revision (the "Division") improperly modified the sexual battery statute in publishing session law chapter 93-156 in section 795.011(5), Florida Statutes (1993), the error was cured in 1995 when the legislature adopted the published 1993 Florida Statutes as the "official" law. See ss.11.2421-.2424, Fla. Stat. (1995); cf. Shuman v. State,358 So.2d 1333, 1337-38 (Fla. 1978); Coulter Elecs. v. Department ofRevenue, 365 So.2d 806, 809-10 (Fla. 1st DCA 1978)[.]"