NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAMES RAY PARISH,       )
                        )
        Appellant,      )
                        )
v.                      )        Case No. 2D17-3219
                        )
STATE OF FLORIDA,       )
                        )
        Appellee.       )
_____ )

Opinion filed June 8, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pasco County; Susan G. Barthle, Judge.

James Ray Parish, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

James Ray Parish challenges the summary denial of his motion to correct

sentence filed June 17, 2017.  Parish was charged and convicted of first-degree

burglary and involuntary sexual battery in 1979.  He was sentenced in February 1980 to

life in prison on the burglary conviction and to a consecutive fifteen years in prison on

the involuntary sexual battery conviction. Parish's judgment and sentences were affirmed on appeal. Parish v. State, 404 So. 2d 875 (Fla. 2d DCA 1981) (table decision).

In his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), Parish argued that his fifteen-year consecutive sentence for involuntary sexual battery is illegal because under the law at the time he committed the offenses he could not have been sentenced for both first-degree burglary and involuntary sexual battery where the sexual battery conviction was the predicate offense for the burglary conviction. See Speed v. State, 410 So. 2d 980, 981 (Fla. 2d DCA 1982) (relying on State v. Hegstrom, 401 So. 2d 1343 (Fla. 1981)). The postconviction court interpreted Parish's claim as one challenging the involuntary sexual battery conviction, determined that such a claim could only be raised in a motion pursuant to rule 3.850, and denied the claim as untimely filed under that rule.

"[R]ule 3.800(a) is limited to claims that a sentence itself is illegal, without regard to the underlying conviction." Coughlin v. State, 932 So. 2d 1224, 1226 (Fla. 2d DCA 2006) (en banc). Thus, where, unlike the facts of Coughlin, correcting an alleged illegal sentence would not require the vacation of the corresponding conviction, and the error is otherwise identifiable on the face of the record, Williams v. State, 957 So. 2d 600, 602 (Fla. 2007), the claim is cognizable in a rule 3.800(a) motion. See also Jackson v. State, 650 So. 2d 1026, 1027 (Fla. 1st DCA 1995) (reversing dismissal of motion to correct sentence where postconviction court did not address claim that Hegstrom applied, thus making Jackson's sentence for armed robbery illegal).

- 2 -

At the time Parish was charged, the law was that "a court [could] not sentence on lesser included offenses arising out of the same criminal transaction or episode as the higher offense" where the lesser offense was alleged in the charging language of the higher offense. Ennis v. State, 364 So. 2d 497, 500 (Fla. 2d DCA 1978) (citing § 775.021(4), Fla. Stat. (1977)) (discussing category four lesser included offenses under Brown v. State, 206 So. 2d 377 (Fla. 1968)). In 1979, to convict a defendant of first-degree burglary, the State was required to "plead and prove not only the essential elements of burglary as defined in section 810.02(1), [Florida Statutes (1979),] but also that, in the course of committing the burglary, the defendant either made an assault upon a person" or was armed with a dangerous weapon or explosives. Speed, 410 So. 2d at 981. Therefore, unless alleged as an assault, a sexual battery would not allow for reclassification of a burglary charge as was done in Parish's case.

During the pendency of Parish's appeal, the Florida Supreme Court decided Hegstrom, in which the court "determine[d] what punishment our legislature authorized for a single criminal transaction involving two or more separate, statutory offenses." 401 So. 2d at 1346. The Hegstrom court determined that where proof of the greater offense "requires, by definition, proof of the predicate [offense], the latter is necessarily an offense included within the former" such that a defendant may be convicted of both offenses but not sentenced on the predicate offense. Id. (citing § 775.021(4), Fla. Stat. (1979)). Hegstrom was subsequently overruled by State v. Enmund, 476 So. 2d 165, 168 (Fla. 1985). However, the sentencing law in effect at the time of the crimes must be applied. Lamore v. State, 86 So. 3d 546, 548 (Fla. 2d DCA 2012); cf. Wheeler v. State, 344 So. 2d 244, 245 (Fla. 1977) ("The decisional law

in effect at the time an appeal is decided governs the issues raised on appeal, even where there has been a change of law since the time of trial.").  Thus, at the time this court decided Parish's appeal, there was no bar to his conviction for involuntary sexual battery; however, based on the law in effect when he committed the crimes, his sentence for involuntary sexual battery may have been barred.  And if barred, the claim of illegal sentence is independent from Parish's conviction such that it should be considered by the postconviction court.  See Speed, 410 So. 2d at 981 (recognizing the holding of Hegstrom and concluding that Speed could not "be sentenced both for first-degree felony burglary and sexual battery, but [could] be convicted and adjudicated guilty of both").  But see White v. State, 412 So. 2d 28 (Fla. 2d DCA 1982) (affirming sentences for first-degree felony burglary and sexual battery without reference to Speed).

Because the postconviction court did not address Parish's claim that his sentence is illegal without regard to the underlying conviction, we reverse and remand.

Reversed and remanded.

VILLANTI, BLACK, and SALARIO, JJ., Concur.