DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TOMMY LEE RANDOLPH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1529

[March 5, 2025]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 561978CF000305.

Tommy Lee Randolph, Lowell, pro se.

James Uthmeier, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Tommy Randolph appeals the denial of his motion filed under Florida Rule of Criminal Procedure 3.800(a). The motion argued that Randolph could not be sentenced for an attempted robbery because it was the underlying felony for a corresponding first-degree murder conviction. The circuit court denied the motion as not cognizable under Rule 3.800 and without merit because of a subsequent change in law.

We affirm the denial of the post-conviction motion because the State presented sufficient evidence of premeditation at the underlying trial to support a first-degree murder conviction on a premeditation theory, so Randolph was properly sentenced for both the first-degree murder and the attempted robbery.

### *Procedural History*

As a result of a February 1978 shooting, Randolph was charged with first-degree murder, attempted robbery, and other charges not relevant to this appeal. *Randolph v. State*, 463 So. 2d 186, 188 (Fla. 1984). Randolph

was convicted of both offenses and sentenced to death. *Id.* The Florida Supreme Court reversed the death sentence for reconsideration by the sentencing judge. *Id.* at 194. On remand, Randolph was sentenced for the first-degree murder to life imprisonment without the possibility for parole for twenty-five years, followed by fifteen years for the attempted robbery.

In April 2024, Randolph filed the Rule 3.800(a) motion that is the subject of this appeal. He argued that under the law at the time of his conviction, he could not have been sentenced for the attempted robbery because it was the underlying felony for the first-degree murder. In support, Randolph relied in part upon *State v. Hegstrom*, 401 So. 2d 1343 (Fla. 1981). He argued that the attempted robbery sentence was illegal and requested that the trial court vacate it.

The circuit court denied Randolph's motion as not cognizable under Rule 3.800(a) "because it does not solely attack his sentence." Alternatively, the court determined the claim was without merit based on the supreme court's decision in *Boler v. State*, 678 So. 2d 319 (Fla. 1996), which determined that the legislature intended a defendant to be charged with both felony murder and the qualifying felony.

### *Arguments on Appeal*

In his initial brief, Randolph maintains his argument that he cannot be sentenced for the attempted robbery because it was the underlying felony for the first-degree murder. He further argues that, because the offenses occurred in 1978, *Hegstrom* applies. To the extent the circuit court relied on *Boler,* Randolph asserts that *Boler* cannot be applied retroactively and therefore does not apply to him.

In response to an order to show cause, the State appears to concede that the circuit court erred in finding Randolph's claim was not cognizable under Rule 3.800(a). Nonetheless, the State argues affirmance is appropriate because the *Hegstrom* rule does not apply to offenses committed or sentences imposed before 1979, and therefore the "[circuit] court rightly concluded that [Randolph] was not entitled to relief pursuant to" *Boler*.[1] Alternatively, the State contends that the Florida Supreme

---

[1] We note that the date of the offense(s), and not the date of sentencing, controls the analysis in this case. *See Larkins v State*, 739 So. 2d 90, 96 n.5 (Fla. 1999) (observing that the appellant's "sentence is controlled by the law in effect at the time he committed this offense"). Further, the State is incorrect in claiming *Hegstrom* does not apply to offenses committed before 1979. *See Copeland v.*

Court's determination that the first-degree murder conviction was supportable under a premeditation theory bars Randolph's *Hegstrom* claim.

### *Discussion*

In *Carter v. State,* 786 So. 2d 1173, 1178 (Fla. 2001), the supreme court wrote:

> To be illegal within the meaning of rule 3.800(a)[,] the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. On the other hand, if it is possible under all the sentencing statutes—given a specific set of facts—to impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.

(citation and emphasis omitted).

The circuit court erred in concluding that Randolph's claim was not cognizable under Rule 3.800(a). In his motion, Randolph did not seek to vacate his attempted robbery conviction but only the corresponding sentence. This relief was based on Randolph's claim that he could not be sentenced for both attempted robbery and first-degree murder pursuant to the caselaw in existence at the time of the offense. This is a cognizable claim under Rule 3.800(a). *See Parish v. State*, 249 So. 3d 734, 735 (Fla. 2d DCA 2018) (stating that "where . . . correcting an alleged illegal sentence would not require the vacation of the corresponding conviction, and the error is otherwise identifiable on the face of the record, the claim is cognizable in a rule 3.800(a) motion") (citations omitted); *Jackson v. State*, 650 So. 2d 1026, 1027 (Fla. 1st DCA 1995) (concluding "that [where] Jackson did not challenge his convictions, but instead attacked only his sentences under case law existing at the time he committed his offenses[,]" the lower court "should have considered the merits of his arguments under rule 3.800(a)").

Randolph's next argument is that he could not be sentenced for attempted robbery, the underlying felony for the first-degree murder

*State*, 457 So. 2d 1012, 1014, 1018 (Fla. 1984) (applying *Hegstrom* to offenses committed in 1978); *see also State v. Thompson*, 413 So. 2d 757, 758 (Fla. 1982) (rejecting argument that *Hegstrom* cannot apply because crime and conviction occurred before the decision).

3

charge. He relies on *Hegstrom*, a 1981 case, where the supreme court held that a defendant may be convicted of felony murder and the underlying felony, but could not be sentenced for both, because multiple sentences would violate double jeopardy. 401 So. 2d at 1346; *see also Copeland*, 457 So. 2d at 1018.

In 1985, the supreme court overruled *Hegstrom* in *State v. Enmund*, 476 So. 2d 165, 167–68 (Fla. 1985), holding that a defendant could be convicted and sentenced for both felony murder and the underlying felony. This holding was based on the 1983 enactment of section 775.021(4), Florida Statutes, which the supreme court determined was "sufficient intent that the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode." *Id.* at 167.

Here, in finding Randolph's claim was without merit, the circuit court relied on the supreme court's decision in *Boler* to conclude the defendant could be sentenced for both felony murder and the qualifying felony. 678 So. 2d at 322.

We have located no clear authority that applies *Enmund* and *Boler* retroactively. *See Parish*, 249 So. 3d at 735–36 (Fla. 2d DCA 2018) (reversing denial of claim that 1979 convictions were illegal and, while recognizing that *Enmund* overruled *Hegstrom*, noting that "the sentencing law in effect at the time of the crimes must be applied"); *see generally Witt v. State*, 387 So. 2d 922, 931 (Fla. 1980) (noting that a change in the law does not apply retroactively unless the change (a) emanates from the Florida Supreme Court or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance).

But we do not need to delve into retroactivity analysis because, as the State argues, an independent basis exists to reject Randolph's claim. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (noting that the "tipsy coachman" doctrine "allows an appellate court to affirm a trial court that reaches the right result, but for the wrong reasons so long as there is any basis which would support the judgment in the record") (citation and internal quotation marks omitted).

*Hegstrom* applies when the defendant is convicted only of felony murder. *Heiney v. State*, 447 So. 2d 210, 215 (Fla. 1984). In *Heiney*, the supreme court explained:

> [W]here a defendant is convicted of felony murder, he may be convicted but not sentenced for the underlying felony. If there

4

is sufficient evidence to support a finding by the jury of premeditated murder, however, this previously stated principle announced in *Hegstrom* does not apply.

*Id.*

In reviewing Randolph's direct appeal of his death sentence, the supreme court made two pertinent findings. First, the court rejected Randolph's attack upon the sufficiency of the evidence as meritless, concluding "the evidence [wa]s sufficient to sustain a conviction either upon the theory of premeditated design or on the theory of felony murder." *Randolph*, 463 So. 2d at 192. Second, the court similarly rebuffed Randolph's claim that his dual convictions for first-degree murder and attempted robbery violated his double jeopardy rights, concluding:

> The first-degree murder conviction is supported either under the felony-murder theory or the premeditation theory. Both of these theories were amply discussed during the course of the trial and considered by the jury. Inasmuch as the first-degree murder conviction is supportable under the premeditation theory, then Randolph's judgment and sentence for attempted robbery do not violate his double jeopardy rights.

*Id.* at 192–93.

Because the supreme court determined that the State presented sufficient evidence to support Randolph's first-degree murder conviction under a premeditation theory, *Hegstrom* necessarily does not apply. Randolph was properly sentenced for both the premeditated murder and the underlying felony because the "jury need not have convicted [him] of robbery in order to support the murder conviction." *Heiney*, 447 So. 2d at 215; *see also Teffeteller v. State*, 439 So. 2d 840, 847 (Fla. 1983) ("*Hegstrom* was a felony-murder case; the instant murder conviction, as we have held above, may properly be based on premeditation. As such, the firearms offense is not a lesser-included offense of premeditated murder. Separate sentences are thus not proscribed.") (citation omitted).

*Affirmed.*

KLINGENSMITH, C.J., and CONNER, J., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*