475 So.2d 1021 (1985)
Kenneth L. ELLIS, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 84-2682, 84-2740.
District Court of Appeal of Florida, Second District.
September 25, 1985.
*1022 James Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant/cross-appellee.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee/cross-appellant.
LEHAN, Judge.
Defendant appeals his conviction for trafficking in illegal drugs. The state cross-appeals defendant's sentencing as a youthful offender. We affirm defendant's conviction and sentencing.
Defendant first contends that the trial court erred in admitting as impeachment testimony certain statements made by defendant to a police detective concerning his knowledge that the package he was holding contained heroin and concerning his activities as a lookout for drug trafficking activities. Defendant made the statements to the police officer subsequent to his guilty plea in an attempt to provide substantial assistance under section 893.135(3), Florida Statutes (1983), in return for a reduced sentence. Defendant argues that these statements were actually made in connection with his guilty plea and were, therefore, pursuant to section 90.410, Florida Statutes (1983), inadmissible even for impeachment purposes. We disagree. The statements were made almost two months after defendant's plea of guilty and were not made "in connection with" his plea as provided in the statute. Defendant has made no showing that the guilty plea was part of any bargain with the state to accept defendant's cooperation and thereupon recommend a reduction in his sentence. In contrast, Landrum v. State, 430 So.2d 549 (Fla. 2d DCA 1983), cited by defendant, *1023 involved the inadmissibility for impeachment purposes of a statement actually made at a guilty plea negotiation hearing.
Defendant also contends that the trial court erred by denying his motion for a mistrial after the state questioned defendant, in violation of the Williams Rule, section 90.404(2)(a), Florida Statutes (1983), concerning what he refers to as collateral crimes. We disagree. The questioning involved whether defendant was acting as a lookout or as protection for other people who were engaged in narcotics trafficking. The statements referred to the crime charged. See Zarate v. State, 466 So.2d 1176 (Fla. 3d DCA 1985); Yesbick v. State, 408 So.2d 1083 (Fla. 4th DCA 1982).
We find no merit to defendant's remaining contention.
On cross-appeal the state contends that the trial court erred in sentencing defendant as a youthful offender thereby avoiding the ten-year minimum mandatory sentence for trafficking in heroin. We disagree. In the absence of any specific contrary legislative intent, we interpret the Youthful Offender Act, chapter 958, to be a separate statutory scheme for treatment of those young defendants to whom the act applies, regardless of the nature of their crimes. While we recognize that the legislative intent behind section 893.135's minimum mandatory sentencing requirements for certain drug offenses is to provide severe punishment for those who are engaged in narcotic trafficking in an effort to take strong measures to combat Florida's drug problems, we do not believe that the legislature intended for a young first-time offender who meets the requirements of chapter 958 to automatically receive a ten-year mandatory sentence, as defendant would in this case. The Youthful Offender Act shows the legislature's concern that alternative treatment be given to those offenders whose youth and other characteristics make it likely that the alternative treatment might halt at the beginning what could otherwise be a lifetime of continuing crime and related problems. See section 958.021, Florida Statutes (1983). We note that application of the Youthful Offender Act to any particular defendant is discretionary with the trial judge who is in the best position to determine whether sentencing under the act is the most desirable treatment for that defendant.
Affirmed.
GRIMES, A.C.J., and FRANK, J., concur.