782 So.2d 408 (2001)
STATE of Florida, Appellant,
v.
Derek WOOTEN, Appellee.
No. 2D00-1004.
District Court of Appeal of Florida, Second District.
January 31, 2001.
Rehearing Denied April 6, 2001.
*409 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellee.
GREEN, Judge.
The appellee, Derek Wooten, was charged with the offenses of aggravated assault with a firearm (count one) and carrying a concealed firearm (count two). Adjudication was withheld on both charges, and the appellee was sentenced as a youthful offender to community control for two years, followed by four years of probation on each count to run concurrently.
The State of Florida appeals the sentence imposed contending that the trial court erred by entering a youthful offender sentence, pursuant to section 958.04, Florida Statutes (1999), and not applying the minimum mandatory of the new 10/20/ Life statute. See § 775.087(2)(a)(1)-(3), Fla. Stat. (1999). The state argues on appeal that the new minimum mandatory provisions of the 10/20/Life statute supersede any other sentence, such as a youthful offender sentence, that may be imposed. We disagree with the state's position and affirm.
The 10/20/Life statute went into effect in July 1999 by amending section 775.087, Florida Statutes (1997). Relevant to our inquiry, the predecessor of the 10/20/Life statute provided a three-year minimum mandatory for the possession of a firearm during the commission of the enumerated felonies in the statute. See § 775.087(2), Fla. Stat. (1997). The 1999 amendment to the statute enhanced the minimum mandatory sentence to ten years of imprisonment for possessing a firearm, twenty years of imprisonment for discharging a firearm, and life imprisonment for causing death or great bodily harm because of the discharge of a firearm, during one of the enumerated felonies specified in the statute. See § 775.087(2)(a)(1)-(3), Fla. Stat. (1999).
Although this appears to be a case of first impression, prior case law is instructive to our determination. Before section 775.087 was amended to include the 10/20/ Life provisions, section 775.087(2), Florida Statutes (1997), required anyone convicted of one of the enumerated felonies who possessed a firearm during the commission of the felony to serve a minimum mandatory sentence of three years of imprisonment. See § 775.087(2), Fla. Stat. (1997). In many cases, the issue arose as to whether the three-year minimum mandatory found in section 775.087(2) superseded a youthful offender sentence.
In Salazar v. State, 544 So.2d 313 (Fla. 2d DCA 1989), this court held that the three-year minimum mandatory for use of a firearm provided by section 775.087(2) did not apply to a youthful offender. In Porter v. State, 702 So.2d 257 (Fla. 4th DCA 1997), the Fourth District held that because a sentence imposed under the Youthful Offender Act, section 958.04, Florida Statutes (1997), was in lieu of other criminal penalties authorized by law, a *410 defendant sentenced under that act could not also be subjected to a minimum mandatory sentence for use of a firearm. See also Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991) (holding that mandatory three-year sentence for conviction of selling drugs within 1000 feet of school does not apply to defendant sentenced as youthful offender).
In Ellis v. State, 475 So.2d 1021 (Fla. 2d DCA 1985), this court provided an analysis regarding minimum mandatories and their relation to the youthful offender statute which is relevant to the review in our case.
In the absence of any specific contrary legislative intent, we interpret the Youthful Offender Act, chapter 958, to be a separate statutory scheme for treatment of those young defendants to whom the act applies, regardless of the nature of their crimes. While we recognize that the legislative intent behind section 893.135's minimum mandatory sentencing requirements for certain drug offenses is to provide severe punishment for those who are engaged in narcotic trafficking in an effort to take strong measures to combat Florida's drug problems, we do not believe that the legislature intended for a young first-time offender who meets the requirements of chapter 958 to automatically receive a ten-year mandatory sentence, as defendant would in this case. The Youthful Offender Act shows the legislature's concern that alternative treatment be given to those offenders whose youth and other characteristics make it likely that the alternative treatment might halt at the beginning what could otherwise be a lifetime of continuing crime and related problems.
Ellis, 475 So.2d at 1023.
After examining the legislative history of the 10/20/Life statute, we do not find any specific legislative intent that would allow the 10/20/Life sentence to supersede a youthful offender sentence. Since the courts have previously held that other minimum mandatory provisions were not applicable to a youthful offender sentence, we cannot rationalize why the minimum mandatory of the 10/20/Life statute would require a different result.
Since we find that the 10/20/Life statute contains no language to supersede the youthful offender sentence and because prior cases have held that minimum mandatory sentencing is not applicable when one is sentenced as a youthful offender, we affirm the appellee's sentence.
Affirmed.
PARKER, A.C.J., and STRINGER, J., concur.