832 So.2d 972 (2003)
Vincent BEATRICE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-180.
District Court of Appeal of Florida, Fourth District.
January 2, 2003.
Valentin Rodriguez, Jr. of Valentin Rodriguez, P.A., West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.

*973 ON MOTION FOR REHEARING

KLEIN, J.
We withdraw our previously filed opinion dated July 24, 2002 and replace it with the following.
Appellant appeals two convictions of aggravated assault with a firearm and two convictions of kidnaping while in possession of a firearm. We affirm in all respects, addressing only the issue of whether the trial court erred in determining that it did not have the discretion to impose a youthful offender sentence because of the 10/20/Life statute.
Appellant was convicted of kidnaping, a first degree felony, section 787.01(2), and the jury found that he possessed a gun. Under our 10/20/Life statute, section 775.087, Florida Statutes (2000), a first degree felony in which a gun is used is reclassified as a life felony. § 775.087(1). Corbitt v. State, 697 So.2d 1310 (Fla. 4th DCA 1997).
Our youthful offender statute provides that no one who has been found guilty of a life felony can be sentenced as a youthful offender. § 958.04(1)(c). Because appellant was found guilty of a life felony the youthful offender statute is not applicable.
State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001) is distinguishable in that the court in Wooten was only addressing a mandatory minimum sentence under the 10/20/Life statute. The crimes in Wooten, after reclassification, were not life felonies, and it is the life felony aspect of this case which precludes a youthful offender sentence.[1] We therefore affirm.
HAWLEY, ROBERT A., Associate Judge, concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, J., dissenting.
I agree with the majority's holding insofar that if the 10/20/Life reclassification were mandatory, then kidnaping with a firearm would become a life felony and the youthful offender sentence would be inapplicable. Compare § 958.04(1)(c), Fla. Stat. (2001) with § 775.087(1)(c), Fla. Stat. (2001). However, I believe that the plain language of the 10/20/Life statute supports that reclassification is not mandatory and that other laws, such as the Youthful Offender Act may supplant the reclassification.
The reclassification portion of the 10/20/ Life statute at issue in the instant case states:

Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
§ 775.087(1)(a), Fla. Stat. (1995)(emphasis added).
Further, youthful offender sentences are "in lieu of other criminal penalties authorized by law." § 958.04(2), Fla. Stat. (2001); see also Porter v. State, 702 So.2d 257, 258 (Fla. 4th DCA 1997).
I believe that the permissive language emphasized above in both statutes would allow the youthful offender sentence to be given in lieu of the 10/20/life statute. Such *974 a holding would be in keeping with our previous holding that a youthful offender sentence can be given in lieu of other enhancement schemes. See Jones v. State, 588 So.2d 73 (Fla. 4th DCA 1991) (allowing a youthful offender sentence where otherwise a mandatory minimum of three years was required for a conviction of selling drugs within 1,000 feet of a school).
The Second District has concluded that a youthful offender sentence can be imposed where the mandatory minimums under the 10/20/Life statute would normally apply. State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001). "Since we find that the 10/20/Life statute contains no language to supersede the youthful offender sentence and because prior cases have held that the minimum mandatory sentencing is not applicable when one is sentenced as a youthful offender, we affirm the appellee's sentence." Id. at 409. See also State v. Krasky, 789 So.2d 1005 (Fla. 5th DCA 2001); Darrow v. State, 789 So.2d 552, 553 (Fla. 5th DCA 2001).
In conclusion, I do not believe that reclassification under the 10/20/Life statute is mandatory under the plain language of the statute. I would follow the logic of the second district in Wooten and reverse the sentence for the trial court to consider whether the Defendant should be sentenced as a youthful offender.
NOTES
[1] We cannot agree with the dissent that the "unless otherwise provided by law" language in the 10/20/Life statute permits the court to look to the youthful offender statute even when the conviction is for a life felony. That statute, by its own terms, does not apply to persons convicted of life felonies.