FULMER, Judge.
Dale Inman appeals his sentence imposed for trafficking in amphetamine. We reverse and remand with directions to the trial court to strike the $50,000 fine.
After Inman entered a guilty plea to trafficking in amphetamine, the trial court sentenced him as a youthful offender to two years’ community control followed by three years’ probation. The trial court questioned whether it was required to impose the statutorily mandated $50,000 fine under the trafficking statute, section 893.135(l)(f)(l)(a), Florida Statutes (1997). Ultimately, the court determined that the fine was mandatory.
We agree with Inman’s argument on appeal that because the trial court elected a youthful offender sanction, the fine was not authorized. The youthful offender statute specifically states that the penalty authorized therein is “[i]n lieu of other criminal penalties authorized by law.” § 958.04(2), Fla. Stat. (1999). Although *863 we have not previously addressed the imposition of a mandatory fíne when a youthful offender sentence is imposed, we have consistently held that other minimum mandatory sentencing provisions are not applicable to a youthful offender sentence. See State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001); Ellis v. State, 475 So.2d 1021 (Fla. 2d DCA 1985). These cases make clear that the youthful offender sentencing provisions preempt the statutory penalties for the substantive offense. Therefore, because the $50,000 fine is not authorized under the youthful offender statute, we reverse and remand for the trial court to delete the fine.
Reversed and remanded with directions.
WHATLEY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.