888 So.2d 732 (2004)
Daniel Kuhn CUMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1606.
District Court of Appeal of Florida, Fifth District.
December 10, 2004.
Loren D. Rhoton, of Rhoton Hayman, P.A., Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca R. Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
PLEUS, J. and WALSH, J.D., Associate Judge, concur.
TORPY, J., concurs and concurs specially with opinion.
TORPY, J., concurring and concurring specially.
In my opinion, the sentence in this case, which involves a non-violent, property crime, is unduly harsh. Having sat in a trial judge's chair, however, I am sympathetic to the decision the judge faced. The only authorized basis for departing from the 10-year minimum mandatory sentence for this 19-year-old boy (18 at the time of the offense) with no prior record (adult or juvenile) was to sentence him as a Youthful Offender. This sentencing alternative was apparently not palatable to the trial judge, perhaps because of the statutory limitation on the length of the permissible sentence. Thus, the trial judge was forced to make a "Hobson's choice," which differed from the choice I would have made under the unique circumstances of this case.
Nevertheless, it was the trial judge's call to make. Although some of the trial judge's comments might lead one to conclude that he was in doubt about his discretion to depart, when the record is viewed as a whole, I am unable to conclude that the trial judge misapprehended his authority to depart on this basis. The decision upon which Appellant relies, Darrow v. State, 789 So.2d 552 (Fla. 5th DCA 2001), is thus distinguished, and I am constrained to concur.
At oral argument, Appellant indicated his intent to file a motion to mitigate sentence pursuant to Florida Rule of Criminal Procedure 3.800(c), which is his prerogative. In case there is any doubt in the trial judge's mind, he clearly has the discretion under rule 3.800(c) to mitigate the sentence under this rule by imposing a Youthful Offender sentence, notwithstanding the fact that, absent departure on this basis, a minimum mandatory sentence would be required by statute. State v. Richardson, 766 So.2d 1111 (Fla. 3d DCA 2000), rev. denied, 786 So.2d 1189 (Fla.2001).