*256 LAWSON, J.,
concurring specially.
I agree with the majority’s resolution of this case as to the issues raised. When reviewing the record, however, I noted that all parties at sentencing clearly believed that the court had no discretion to do anything but impose the twenty-year minimum mandatory sentence. This may not have been true. Windham was born on May 6, 1987, and was nineteen years old at the time he committed the offense, a third degree felony, on July 6, 2006. If Windham has not previously been classified as a youthful offender, it appears that he would have qualified for a youthful offender sentence. See § 958.04(1), Fla. Stat. (effective to Sept. 30, 2008) (“The court may sentence as a youthful offender any person: (a) Who is at least 18 years of age ...; (b) Who is found guilty of ... a crime which is, under the laws of this state, a felony[2] if such crime was committed before the defendant’s 21st birthday; and (c) Who has not previously been classified as a youthful offender.... ”). The minimum mandatory sentencing provisions of the 10-20-life statute do not supersede the youthful offender sentencing provisions. Darrow v. State, 789 So.2d 552 (Fla. 5th DCA 2001); State v. Wooten, 782 So.2d 408 (Fla. 2d DCA 2001). Therefore, it appears that the trial court could have imposed a lesser penalty by sentencing Windham as a youthful offender. Id. This point can be argued in connection with a motion to mitigate sentence under Florida Rule of Criminal Procedure 3.800(c), filed anytime within 60 days after issuance of our mandate. See Cummings v. State, 888 So.2d 732 (Fla. 5th DCA 2004) (Torpy, J., concurring specially).

. The statute later excludes defendants found guilty of capital or life felonies from consideration for youthful offender sentencing. § 958.04(l)(c), Fla. Stat. (2006).