616 So.2d 587 (1993)
Lekisha R. BLACKMON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1651.
District Court of Appeal of Florida, First District.
April 5, 1993.
Nancy A. Daniels, Public Defender, Chris W. Hoeg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant raises two points on appeal: (1) Whether the trial court complied with section 39.059, Florida Statutes, in sentencing appellant as an adult, and (2) whether the trial court improperly determined that it was required to impose a mandatory minimum sentence although it affirmatively appears from the record that appellant may qualify as a youthful offender pursuant to section 958.021, Florida Statutes.
We find no merit as to issue I. See Troutman v. State, 603 So.2d 608 (Fla. 1st DCA 1992). We do find, however, when the record affirmatively reflects that appellant may qualify as a youthful offender pursuant to section 958.021, Florida Statutes, and the trial court affirmatively states on the record that it feels that the mandatory minimum sentence may be too harsh in light of appellant's age, but that it has no sentencing discretion, that the trial court should have the opportunity to consider whether it wishes to exercise its discretion pursuant to section 958.04, Florida Statutes. See Ellis v. State, 475 So.2d 1021 (Fla. 2d DCA 1985).
We, therefore, vacate the sentence and remand for resentencing.
ZEHMER, WOLF and KAHN, JJ., concur.