638 So.2d 986 (1994)
Eumir HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2179.
District Court of Appeal of Florida, First District.
June 14, 1994.
*987 Nancy A. Daniels, Public Defender, Steven A. Been, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this appeal of a judgment of conviction and sentence for robbery with a firearm, appellant argues that the lower court erred in denying his motion for a judgment of acquittal. We find there was a sufficient evidentiary basis for submission of the question of whether an actual, as opposed to, a toy firearm was used in the commission of this offense. We note that when a party moves for a judgment of acquittal, he admits all facts in evidence adduced and every conclusion favorable to the state reasonably inferable therefrom. Anderson v. State, 504 So.2d 1270 (Fla. 1st DCA 1986). Accordingly, we affirm the denial of the motion for a judgment of acquittal.
We do agree, however, that a remand is necessary. The record reflects that the lower court, after receiving comments by the assistant state attorney, was under the impression that it did not have the option of avoiding the mandatory minimum sentence for use of a firearm, section 775.087(2)(a), Florida Statutes, by sentencing appellant as a youthful offender. The youthful offender sentencing statute itself expressly provides that the sentencing alternatives prescribed therein are "[i]n lieu of other criminal penalties authorized by law... ." Section 958.04(2), Florida Statutes (1993). The record is unclear as to whether the lower court would have imposed a youthful offender sentence had the court been aware that this option was available. Accordingly, we vacate the sentence imposed and remand for reconsideration of the sentence. See, Blackmon v. State, 616 So.2d 587 (Fla. 1st DCA 1993). Notwithstanding our remand, we emphasize that the lower court is under no obligation to sentence appellant under the Youthful Offender Act unless the lower court believes such a sentence would be appropriate.
We AFFIRM in part; REVERSE in part, and REMAND.
SMITH, LAWRENCE and BENTON, JJ., concur.