PER CURIAM.
A jury convicted Shamiel Simpkins (Simp-kins) of robbery with a firearm. Simpkins committed this crime between October 21 and 22, 1995, in Duval County. Simpkins then was eighteen.[1] The trial judge, believing that the use of a firearm limited his youthful-offender sentencing options, sentenced Simpkins to prison for five and one-half years, followed by community control for one year. Simpkins appeals.
We affirm, without discussion, Simpkins’ conviction. We however reverse and remand for reconsideration of sentence in light of Holmes v. State, 638 So.2d 986 (Fla. 1st DCA 1994). The record in the instant case, like *26 that in Holmes, is unclear as to whether the trial court would have imposed a youthful-offender sentence had the court been aware that this option was available. The presen-tence investigation recommended that Simp-kins be sentenced pursuant to chapter 958, Florida Statutes (1995), as a youthful offender. The defense attorney urged youthful-offender sentencing because undisputedly Simpkins has no prior record, and because Simpkins profitably used his jail time to work on a G.E.D. The State thus correctly concedes that this case must be remanded for resentencing, without prejudice to the judge imposing the same sentence if he believes it appropriate.
We accordingly affirm in part, reverse in part, and remand for consistent proceedings.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.

. Simpkins was bom on July 22, 1977.