784 So.2d 1203 (2001)
Robert J. SIMPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2909.
District Court of Appeal of Florida, Second District.
April 11, 2001.
Diane Shea Williams, Special Assistant Public Defender, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Robert Simpkins makes two challenges to his convictions and one to his sentence stemming from an armed robbery and ensuing flight from law enforcement. We affirm the convictions without discussion, but focus instead on the guidelines sentence the court imposed while apparently under the belief that it had no discretion to instead sentence Simpkins as a youthful offender. We remand for the court to reconsider the sentence in light of that discretion.
*1204 It is undisputed that Simpkins was eligible for sentencing under the Youthful Offender Act, section 958.04, Florida Statutes (1999). He was younger than 21 years old at the time of his offenses and had not previously been classified as a youthful offender. § 958.04(1). The decision whether to sentence a defendant as a youthful offender is discretionary with the trial court. Ellis v. State, 475 So.2d 1021, 1022 (Fla. 2d DCA 1985). However, the youthful offender statute does not apply to defendants who have been convicted of capital or life felonies. § 958.04(1)(c).
During Simpkins's sentencing hearing, the court asked Simpkins's counsel a question related to the guidelines. In response, counsel mistakenly stated that robbery with a firearm is a life felony, but he asked for the court's leniency in light of Simpkins's lack of prior offenses and various other circumstances. The parties and the court proceeded as if Simpkins was ineligible for sentencing as a youthful offender, and the court imposed a guidelines sentence.
The State acknowledges that the court sentenced Simpkins while under a mistaken impression about the classification of his robbery offense. Armed robbery is a first-degree felony, not a life felony, for sentencing purposes. Robinson v. State, 621 So.2d 556, 557 (Fla. 4th DCA 1993), overruled on other grounds, 642 So.2d 644 (Fla. 4th DCA 1994). As such, it is not excepted from application of the Youthful Offender Act. Richardson v. State, 398 So.2d 1010, 1011 (Fla. 1st DCA 1981).
Accordingly, we reverse Simpkins's sentence and remand to the trial court for resentencing in light of its discretion to impose a youthful offender sentence. See Burdick v. State, 594 So.2d 267, 271 (Fla. 1992) (remanding for reconsideration of sentence where trial court imposed habitual violent felony offender sentence in mistaken belief that such a sentence was mandatory); Henry v. State, 632 So.2d 676 (Fla. 2d DCA 1994) (resentencing ordered where trial court had sentenced defendant while under the erroneous belief that habitual offender enhancement was mandatory).
Affirmed in part, reversed in part and remanded.
PATTERSON, C.J., and STRINGER, J., concur.