829 So.2d 287 (2002)
STATE of Florida, Appellant,
v.
Kenneth R. DRURY, Jr., Appellee.
No. 1D01-4089.
District Court of Appeal of Florida, First District.
October 16, 2002.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellant.
Dean R. LeBoeuf and Edward T. Bauer of Brooks, LeBoeuf, Bennett & Foster, Tallahassee, for Appellee.
DAVIS, J.
Appellant, the State of Florida, appeals a youthful offender sentence imposed on Appellee, Kenneth R. Drury, Jr. We affirm.
Drury, a sixteen-year-old at the time of the offense, was charged as an adult by information with aggravated assault with a deadly weapon, alleged to have occurred on October 6, 2000. A firearm in Drury's possession discharged during the commission of the offense. Drury entered a plea of no contest, and requested to be sentenced to a six-year term of supervision pursuant to the Youthful Offender Act, chapter 958, Florida Statutes. The trial court accepted Drury's plea, and imposed the sentence requested by Drury.
Arguing for reversal, the State asserts that the trial court erred in sentencing Drury to a youthful offender sentence in lieu of the mandatory sentence required by section 985.227(2), Florida Statutes (2000). Section 985.227(2), which provides for the prosecution of juveniles as adults by the direct filing of an information in the criminal division of the circuit court, was amended effective October 1, 2000, to add the following language in pertinent part:
(d)1. With respect to any child who was 16 or 17 years of age at the time the alleged offense was committed, the state attorney shall file an information if the child has been charged with committing or attempting to commit an offense listed in s. 775.087(2)(a)1.a.-q., and, during *288 the commission of or attempt to commit the offense, the child:
a. Actually possessed a firearm or destructive device....
b. Discharged a firearm or destructive device....
c. Discharged a firearm or destructive device ... and, as a result of the discharge, death or great bodily harm was inflicted upon any person.
2. Upon transfer, any child who is:
a. Charged pursuant to sub-subparagraph 1.a. and who has been previously adjudicated or had adjudication withheld for a forcible felony offense or any offense involving a firearm, or who has been previously placed in a residential commitment program, shall be subject to sentencing under s. 775.087(2)(a), notwithstanding s. 985.233.
b. Charged pursuant to sub-subparagraph 1.b. or sub-subparagraph 1.c., shall be subject to sentencing under s. 775.087(2)(a), notwithstanding s. 985.233.
§ 985.227(2)(d), Fla. Stat. (2000). While this court previously held in Holmes v. State, 638 So.2d 986 (Fla. 1st DCA 1994), that the Youthful Offender Act supersedes the 10/20/Life statute, section 775.087(2)(a), the State contends that section 985.227(2)(d)2.b. requires a different result. We disagree.
The State argues that the use of the word "shall" in section 985.227(2)(d)2.b. demonstrates the legislative intent to require sentencing pursuant to the 10/20/Life statute in certain situations, and to foreclose the possibility of sentencing pursuant to the Youthful Offender Act. The Youthful Offender Act provides that youthful offender sentencing is "[i]n lieu of other penalties authorized by law...." § 958.04(2), Fla. Stat. (2000). The 10/20/ Life statute itself provides for mandatory sentencing using the word "shall," and this court has held, based on the above cited language from the Youthful Offender Act, that a trial court still has the option of avoiding a 10/20/Life sentence, and may instead impose a youthful offender sentence. Holmes, 638 So.2d at 987. It follows that the mandatory language "shall be subject to sentencing under s. 775.087(2)(a)" in section 985.227(2)(d) would not preclude the imposition of a youthful offender sentence in lieu of a 10/20/Life sentence.
The State further argues that the language "notwithstanding s. 985.233" in section 985.227(2)(d)2.b. demonstrates the legislative intent that the amendment to section 985.227 precludes the possibility of a youthful offender sentence in the enumerated circumstances. Section 985.233 is entitled "[s]entencing powers; procedures; alternatives for juveniles prosecuted as adults," and reads as follows in pertinent part:
(4) SENTENCING ALTERNATIVES.
(a) Sentencing to adult sanctions.
. . . .
2. Other cases.If a child who has been transferred for criminal prosecution pursuant to information or waiver of juvenile court jurisdiction is found to have committed a violation of state law... the court may sentence as follows:
a. As an adult;
b. Pursuant to Chapter 958; or
c. As a juvenile pursuant to this section.
§ 985.233(4)(a), Fla. Stat. (2000). It is well established that statutes should be construed so as to avoid an illogical result. See, e.g., Parker v. State, 406 So.2d 1089 (Fla.1981). The Youthful Offender Act allows a trial court to sentence defendants who commit offenses prior to their twenty-first birthdays, and who meet certain other *289 enumerated criteria, as youthful offenders. § 958.04(1), Fla. Stat. (2000). Thus, the State's interpretation of the statute would subject sixteen and seventeen-year-olds to harsher sentences than eighteen, nineteen, and twenty-year-olds, which is surely not what the legislature intended in amending the statute. Additionally, section 958.04, which provides only for youthful offender sentencing, controls over the more general statute, section 985.233, which provides for sentencing procedures for juveniles, and relates to adult, youthful offender, and juvenile sentences. See McKendry v. State, 641 So.2d 45, 46 (Fla.1994) ("a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms"). Further, it is well established that statutes subject to different interpretations should be strictly construed in favor of the defendant; thus, this court must interpret the statute at issue to permit youthful offender sentencing. See, e.g., State v. Winters, 346 So.2d 991 (Fla.1977).
Finally, the State argues that a contrary interpretation of section 985.227(2)(d)2.b. renders the amendment a legal nullity. However, the amendment to the statute can more logically be interpreted to mean that a trial court is precluded from sentencing defendants such as Drury to a juvenile sentence pursuant to section 985.233. A youthful offender sentence is an adult sanction. See, e.g., State v. Richardson, 766 So.2d 1111 (Fla. 3d DCA 2000).
Based on the foregoing analysis, we find Holmes is still good law, and the trial court properly exercised its discretion in sentencing Drury to a youthful offender sentence in lieu of a 10/20/Life sentence. We, therefore, affirm Drury's sentence. We also note that the Third and Fourth Districts have recently held under the amended version of the law that a trial court has discretion to sentence a defendant as a youthful offender as an alternative to 10/20/Life sentencing, although the courts did not specifically address the amendment. State v. Oglester, 830 So.2d 124 (Fla. 3d DCA 2002); Beatrice v. State, 27 Fla. L. Weekly D1729 (Fla. 4th DCA July 24, 2002).
ERVIN and BOOTH, JJ., concur.