COVINGTON, Judge.
Joshua David Sloan appeals the final judgment adjudicating him guilty of DUI manslaughter pursuant to section 316.193(3), Florida Statutes (2002). He argues the trial court erred in concluding it did not have discretion under the youthful offender statute to withhold adjudication. We agree and reverse.
Section 958.04, Florida Statutes (2002), “Judicial disposition of youthful offenders,” provides:
(2) In lieu of other criminal penalties authorized by law and notwithstanding any imposition of consecutive sentences, the court shall dispose of the criminal case as follows:
(a) The court may place a youthful offender under supervision on probation or in a community control program, with or without an adjudication of guilt, under such conditions as the court may lawfully impose for a period of not more than 6 years. Such period of supervision shall not exceed the maximum sentence for the offense for which the youthful offender was found guilty.
(Emphasis added.) The trial court here stated it believed the youthful offender statute could not be used to circumvent mandatory adjudication for DUI under section 316.656(1), Florida Statutes (2002), which provides:
(1) Notwithstanding the provisions of s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of s. *379 316.193, for manslaughter resulting from the operation of a motor vehicle, or for vehicular homicide.
(Emphasis added.) The trial court was mistaken. If the trial court classifies a defendant as a youthful offender, section 316.656(1) is inapplicable. State v. Gibron, 478 So.2d 475, 476 (Fla. 2d DCA 1985).
Accordingly, we reverse and remand with directions to the trial court to exercise its discretion as to whether withholding adjudication of guilt is appropriate. See Bristol v. State, 710 So.2d 761, 761 (Fla. 2d DCA 1998).
Reversed and remanded.
KELLY and WALLACE, JJ., Concur.