949 So.2d 288 (2007)
Hardy L. RUTH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5207.
District Court of Appeal of Florida, First District.
February 8, 2007.
Tracy S. Carlin of Mills & Creed, P.A., Jacksonville, for Appellant.
Bill McCollum, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant asserts that the trial court erred in summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find only one of his contentions has merit. The trial court erred in summarily denying appellant's claim alleging ineffective assistance *289 of counsel for failing to seek sentencing under the Youthful Offender Act. We, therefore, reverse and remand for the trial court to conduct an evidentiary hearing or to allow for resentencing where the trial court shall consider appellant's request to be resentenced as a youthful offender.
In the instant case, appellant asserts he was eighteen years old at the time of the robberies. Thus, appellant opines that his counsel should have advised the trial court of the option to sentence appellant as a youthful offender pursuant to section 958.04, Florida Statutes (2003), which authorizes the imposition of a sentence exceeding no more than 6 years' imprisonment for those individuals committing crimes prior to their 21st birthdays and who meet the enumerated criteria. The trial court denied this claim based on section 958.04's specific wording which states that an individual may not be sentenced as a youthful offender if the individual was convicted of a life felony. In its order denying relief on this claim, the trial court opined that, although appellant was convicted of a first degree felony (armed robbery), which would allow for a youthful offender sentence, the first degree felony was reclassified to a life felony pursuant to section 775.087(1), Florida Statutes (2003), which mandates reclassification in the following circumstances:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(Emphasis added).
It appears this denial was in error for several reasons. First, the trial court appears to have confused which subsection of the 10/20/life statute applied to appellant. Specifically, the trial court appears to have relied on section 775.087(1), Florida Statutes (2003), to support its finding that appellant was convicted of a life felony, and thus, not eligible for youthful offender sentencing. However, a plain reading of that subsection requires reclassification only where the use of a weapon or firearm was not an essential element of the crime. In the instant case, appellant was convicted of armed robbery pursuant to section 812.13(2)(a), Florida Statutes (2003), which states:
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
(Emphasis added).
Thus, appellant was convicted of a crime in which the use of a weapon was an essential element. As such, section 775.087(1)'s reclassification requirement would not apply to appellant, and the trial court was in error to conclude otherwise. See Williams v. State, 850 So.2d 656 (Fla. 1st DCA 2003) (holding offense of attempted armed robbery could not be enhanced pursuant to section 775.087(1) because use of a weapon is an essential element of the offense); Tripp v. State, 610 So.2d 1311, 1312 (Fla. 1st DCA 1992) (reversing reclassification of attempted armed robbery pursuant to section 775.087(1) because the use of a weapon was an essential element of the underlying offense). Further, both *290 appellant and the trial court concede that appellant was sentenced to 20 years' imprisonment with a 10 year minimum mandatory. A life felony carries a minimum sentence of 30 years' imprisonment. § 775.082(3)(a)(1), Fla. Stat. (2003). Thus, the record reflects appellant was not sentenced to a life felony.
However, appellant's sentence was enhanced through the imposition of a ten year minimum mandatory pursuant to section 775.087(2)(a), Florida Statutes (2003), which requires the imposition of a ten year minimum mandatory where an individual is convicted of armed robbery due to his use of a firearm. An individual sentenced pursuant to the Youthful Offender Act may receive a maximum of six years' imprisonment. § 958.04(2)(a), Fla. Stat. (2003). Thus, the ten year minimum mandatory requirement of the 10/20/life statute appears to be in conflict with the maximum allowable sentences authorized by the Youthful Offender Act.
In State v. Drury, this court addressed the conflict and ultimately held that a trial court may sentence a defendant to a youthful offender sentence in lieu of the 10/20/life statute's minimum mandatory requirements. 829 So.2d 287 (Fla. 1st DCA 2002); see also Holmes v. State, 638 So.2d 986 (Fla. 1st DCA 1994) (holding that the express language of section 958.04(2), which authorizes the discretion to sentence the appellant as a youthful offender "in lieu of other criminal penalties authorized by law," provides that a 10/20/life reclassification to a life felony does not preclude sentencing as a youthful offender). As such, the trial court incorrectly ruled that the original sentencing court lacked discretion to sentence appellant as a youthful offender. We, therefore, remand this case to the trial court for further proceedings.[1]
VAN NORTWICK and LEWIS, JJ., concur.
NOTES
[1] We note, however, that if appellant is entitled to the requested relief, he is merely entitled to a resentencing in which the trial court is fully informed of its discretion to sentence appellant as a youthful offender; appellant is not necessarily entitled to resentencing as a youthful offender. See Holmes, 638 So.2d at 987.