965 So.2d 231 (2007)
STATE of Florida, Appellant,
v.
Billy BLACKBURN, Appellee.
No. 4D07-431.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
Rehearing Denied October 25, 2007.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellee.
GROSS, J.
Billy Blackburn entered an open no contest plea to battery upon a person over the age of 65 in violation of sections 784.03(1) and 784.08(2)(c), Florida Statutes (2005). Over the state's objection, the trial court sentenced Blackburn as a youthful offender, withheld adjudication of guilt, and placed him on three years of probation.
The state relies on the language of section 784.08 to argue that the court erred in withholding adjudication. Section 784.08(2)(c) elevates a misdemeanor battery on a victim 65 years of age or older to a third degree felony. Section 784.08(3) provides:
Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld.
Section 948.01, Florida Statutes (2005), is the statute that generally sets forth the *232 sentencing options of probation and community control.
Blackburn points to section 958.04(2)(a), Florida Statutes (2005), which provides that "[i]n lieu of other criminal penalties authorized by law," a court may place a youthful offender "on probation or in a community control program, with or without adjudication of guilt."
We hold that the youthful offender statute trumps section 784.08(3) and controls the sentence in this case. "The Youthful Offender Act is a separate statutory scheme for treating young defendants to whom the Act applies." Mendez v. State, 835 So.2d 348, 349 (Fla. 4th DCA 2003). Where the two sentencing statutes are susceptible of differing constructions, this court must construe the statutes favorably to the accused. See § 775.021(1), Fla. Stat. (2005); State v. Drury, 829 So.2d 287, 289 (Fla. 1st DCA 2002). The youthful offender statute indicates that it is to apply "[i]n lieu of other criminal penalties authorized by law." The provision in section 784.08(3) concerning adjudication of guilt is one such penalty authorized by law. Had the legislature desired to require adjudication of youthful offenders, section 784.08(3) would have begun: "Notwithstanding the provisions of ss. 948.01 and 958.04. . . ." (Emphasis added).
Affirmed.
STONE and POLEN, JJ., concur.