971 So.2d 986 (2008)
Michael K. POSTELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3137.
District Court of Appeal of Florida, Fifth District.
January 4, 2008.
*987 James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Michael K. Postell appeals the trial court's denial of his motion to withdraw plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(l). Mr. Postell argues that the trial court should have allowed him to withdraw his plea because, at sentencing, his attorney, the assistant state attorney, and the trial judge were all under the mistaken belief that due to the nature of his charges, he was not eligible for youthful offender treatment. We reverse and remand.
Mr. Postell pled guilty to four counts of kidnapping with intent to commit a felony (with a weapon),[1] one count of kidnapping with intent to inflict bodily harm or terrorize (with a firearm),[2] and one count of grand theft third-degree of a motor vehicle.[3] In return, the State dismissed numerous other charges and agreed to make no sentencing recommendation to the court. During the sentencing hearing, defense counsel, Anthony Nace, argued for a downward sentencing departure based on Mr. Postell's cooperation with law enforcement and his youth at the time of the crimes. He did not argue for or suggest that Mr. Postell be considered for youthful offender treatment. The trial court declined to downwardly depart from the guidelines and sentenced Mr. Postell to concurrent terms of thirty years incarceration for each kidnapping offense and five years for grand theft.
*988 Following his sentencing hearing, Mr. Postell filed a pro se motion to withdraw his plea.[4] Mr. Postell was subsequently appointed new counsel, who filed an amended motion to withdraw plea, contending that Mr. Postell's plea was involuntary and manifestly unjust due to the ineffective assistance of counsel he received from Mr. Nace. In relevant part, the motion alleged that Mr. Nace told Mr. Postell prior to entering his pleas that the trial court had the discretion to sentence him as a youthful offender under section 958.04, Florida Statutes (2004), and then failed to argue for a youthful offender sentence because he had later mistakenly concluded that Mr. Postell was not eligible for such sentencing due to the nature of the charges.
At a hearing on the motion, Mr. Nace admitted that prior to the entry of the plea, he told Mr. Postell that he would argue for a youthful offender sentence. Assistant State Attorney Jeff Ashton testified that before Mr. Postell's plea, he advised Mr. Nace that at least one of the charged offenses did not qualify for youthful offender treatment because it was a life felony. After speaking to Mr. Ashton about youthful offender treatment, Mr. Nace informed Mr. Postell of this development; however, Mr. Postell still wanted to go ahead with the plea. The trial court subsequently denied Mr. Postell's motion to withdraw plea. In pertinent part, the trial court concluded that Mr. Postell did not suffer manifest injustice by Mr. Nace's failure to argue for a youthful offender sentence because "youthful offender sentencing is not available for the life felony to which [he] pled."
Section 958.04, Florida Statutes, governing the judicial disposition of youthful offenders, authorizes, in the trial court's discretion, the imposition of a sentence of no more than six years' imprisonment for qualifying defendants who meet its enumerated criteria. Specifically, section 958.04(1), Florida Statutes (2004), provides:
(1) The court may sentence as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 985;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime which is, under the laws of this state, a felony if such crime was committed before the defendant's 21st birthday; and
(c) Who has not previously been classified as a youthful offender under the provisions of this act; however, no person who has been found guilty of a capital or life felony may be sentenced as a youthful offender under this act.

(Emphasis added). It is undisputed that Mr. Postell (d/o/b 10/24/1984) met the age requirement for a youthful offender sentence. What caused the confusion here was the mistaken belief that at least one of Mr. Postell's offenses was a life felony.
Section 787.01(2), Florida Statutes (2004), provides that "[a] person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084." Authorization of imprisonment for "a term of years not exceeding life" is not the same as a "life felony." McNeil v. State, 438 So.2d 178, 178-79 (Fla. 1st DCA 1983). The State correctly concedes that none of Mr. Postell's crimes were life felonies as the trial court concluded. The *989 State also concedes that Mr. Postell's crimes were not subject to a mandatory enhancement to life felonies under section 775.087, Florida Statutes.[5]
Florida courts have considered several cases in which the parties and the sentencing judge proceeded with sentencing under the mistaken belief that a youthful offender sentence was not an option. In each of those cases, the appellate court reversed and remanded for consideration, within the trial court's discretion,[6] whether to apply a youthful offender sentence. See, e.g., Ruth v. State, 949 So.2d 288 (Fla. 1st DCA 2007) (remanding sentence for consideration of youthful offender sentence when trial court incorrectly ruled that original sentencing court lacked discretion to sentence defendant as youthful offender); Simpkins v. State, 784 So.2d 1203 (Fla. 2d DCA 2001) (reversing sentence and remanding for resentencing in light of trial court's discretion to impose youthful offender sentence when parties and court proceeded under mistaken belief that defendant was charged with life felony, and, therefore, youthful offender sentence did not apply); Holmes v. State, 638 So.2d 986 (Fla. 1st DCA 1994) (vacating and remanding sentence for consideration of whether to apply youthful offender sentence when trial court erroneously believed such a sentence was not available); McNeil, 438 So.2d 178 (holding that trial court reversibly erred in failing to consider whether defendant should be classified as youthful offender based on mistaken belief that he had been sentenced to life felony).
Because a youthful offender sentence was never considered by the trial court, we reverse the order on review and remand for further proceedings. On remand, the trial court should reconsider Mr. Postell's motion to withdraw his plea or treat it as a motion to correct sentence and conduct a de novo sentencing hearing with consideration, in the trial court's discretion, of youthful offender treatment. We do not suggest Mr. Postell is necessarily entitled to resentencing as a youthful offender; rather, he is entitled to be sentenced at a proceeding at which the trial court is fully informed of its discretion.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] §§ 787.01(1)(a)(2), 775.087(1), (2), Fla. Stat. (2004).
[2] §§ 787.01(1)(a)(3), 775.087(1), (2), Fla. Stat. (2004).
[3] § 812.014(2)(c)(6), Fla. Stat. (2004).
[4] Under the "mailbox" rule, Mr. Postell's motion was filed within thirty days of sentencing.
[5] Section 775.087 mandates the reclassification of a first-degree felony to a life felony when, during the commission of the felony, "the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery," so long as the use of a weapon or firearm is not an essential element of the felony. § 775.087(1)(a), Fla. Stat. (2004). However, "when a defendant is charged with a felony involving the `use' of a weapon, his or her sentence cannot be enhanced under section 775.087(1) without evidence establishing that the defendant had personal possession of the weapon during the commission of the felony." State v. Rodriguez, 602 So.2d 1270, 1272 (Fla.1992); see Parker v. State, 906 So.2d 1273 (Fla. 5th DCA 2005); Blanc v. State, 899 So.2d 455, 457 (Fla. 4th DCA 2005). No such evidence was presented here.
[6] "The decision whether to sentence a defendant as a youthful offender is discretionary with the trial court." Simpkins v. State, 784 So.2d 1203, 1204 (Fla. 2d DCA 2001). "[T]he lower court is under no obligation to sentence [a defendant] under the Youthful Offender Act unless the lower court believes such a sentence would be appropriate." Holmes v. State, 638 So.2d 986 (Fla. 1st DCA 1994). "It is not an abuse of discretion for a trial court, after reviewing the criteria, to decline to sentence a statutorily qualified person as youthful offender." Nolte v. State, 726 So.2d 307, 309 (Fla. 2d DCA 1998).