VILLANTI, Judge.
The State appeals the sentence imposed on sixteen-year-old George Allen, contending that it was an illegal sentence under the statutes applicable to juveniles charged by mandatory direct-file informations. We agree, and we reverse and remand for further proceedings.
The State charged sixteen-year-old Allen with armed robbery by a mandatory direct-filed information pursuant to section 985.557(2)(d)(l)(a), Florida Statutes (2008). Section 985.557(2)(d)(l)(a) requires the State to direct-file an information in adult court when the juvenile is sixteen or seventeen years old at the time he or she commits the alleged offense, when the offense is one listed in section 775.087(2)(a)(l)(a)-(q), Florida Statutes (2008), and when the juvenile actually pos *457 sessed a firearm during the commission of the crime. There is no dispute that the information charging Allen with armed robbery was properly and legally filed in adult court.
At the pretrial conference, Men’s counsel indicated that Allen hoped to resolve the case through a plea, and he requested that the trial court agree to sentence Allen as a juvenile based on the recommendation from the Department of Juvenile Justice in its “Adult Sentencing Summary Form.” Defense counsel also pointed out that the investigating detective stated that he would not be opposed to the court’s imposing juvenile sanctions. The State objected to any juvenile sentence, arguing that such a sentence was not permitted under section 985.557(2)(d)(2)(a). After considering both arguments and the documents offered by Allen, the trial court offered to sentence Allen to a moderate-risk commitment program to run concurrently with another juvenile sentence Allen was already serving. Over the State’s objection, Allen agreed to this offer and pleaded no contest to the armed robbery charge. The trial court withheld adjudication and sentenced Allen to the moderate-risk program with aftercare until his twenty-first birthday, thus imposing a period of supervision of four years. In this appeal, the State contends that the trial court did not have the discretion to impose this sentence. The State is correct.
Subsections 985.557(2)(d)(2) and (2)(d)(3) set forth the sentencing options available to the trial court when a juvenile is charged by mandatory direct-file information under section 985.557(2)(d)(1):
2. Upon transfer, any child who is:
a.Charged under sub-subparagraph l.a. and who has been previously adjudicated or had adjudication withheld for a forcible felony offense or any offense involving a firearm, or who has been previously placed in a residential commitment program, shall be subject to sentencing under s. 775.087(2)(a), notwithstanding s. 985.565.
b.Charged under sub-subparagraph l.b. or sub-subparagraph l.c., shall be subject to sentencing under s. 775.087(2)(a), notwithstanding s. 985.565.
3. Upon transfer, any child who is charged under this paragraph, but who does not meet the requirements specified in subparagraph 2., shall be sentenced under s. 985.565; however, if the court imposes a juvenile sanction, the court must commit the child to a high-risk or maximum-risk juvenile facility.
§ 985.557(2)(d) (emphasis added). Under section 985.565, the sentencing alternatives available for a juvenile charged by mandatory direct-file information are as follows:
2. Other cases. — If a child who has been transferred for criminal prosecution pursuant to information or waiver of juvenile court jurisdiction is found to have committed a violation of state law or a lesser included offense for which he or she was charged as a part of the criminal episode, the court may sentence as follows:
a. As an adult;
b. Under chapter 958; or
c. As a juvenile under this section.
§ 985.565(4)(a).
Reading these sentencing statutes together, it is clear that the trial court in Allen’s case had the following sentencing options available to it:
1. If the court found that Allen had been previously adjudicated or had previously had adjudication withheld for an offense involving a firearm, it could sentence him under section 775.087(2)(a), the 10/20/ Life statute, pursuant to section 985.557(2)(d)(2)(a); or
*458 2. If the court found that Allen had not been previously adjudicated for an offense involving a firearm, it could sentence him:
a. as an adult pursuant to section 985.565(4)(a)(2)(a);
b. as a youthful offender pursuant to section 985.565(4)(a)(2)(b); or
c. as a juvenile pursuant to section 985.565(4)(a)(2)(c).
However, if the court chose to impose juvenile sanctions under section 985.565(4)(a)(2)(c), it was required to commit Allen to a high-risk or maximum-risk juvenile facility pursuant to section 985.557(2)(d)(3). No other sentencing options existed for the trial court in this case under the plain language of the relevant sentencing statutes.
At the pretrial hearing, the trial court found, after argument from the parties, that Allen did not have a prior adjudication for an offense involving a firearm. Based on that finding, the trial court determined that it was not required to sentence Allen under the 10/20/Life statute pursuant to section 985.557(2)(d)(2)(a). Instead, the trial court sentenced Allen to a moderate-risk juvenile program, which was improper. As outlined above, once the trial court found that Allen did not qualify for sentencing under section 985.557(2)(d)(2)(a), the sentencing options available to it were adult sanctions, youthful offender sanctions, or commitment to a high-risk or maximum-risk juvenile facility. Commitment to a moderate-risk facility was not a legal sentencing option. Accordingly, we must reverse Allen’s sentence and remand for further proceedings.
In this appeal, the State argues that, on remand, the trial court should be required to sentence Allen under the 10/20/Life statute pursuant to section 985.557(2)(d)(2)(a) because Allen had a pri- or adjudication for an offense involving a firearm. The record shows that on November 30, 2007, Allen committed grand theft by stealing his stepfather’s firearm. Allen committed the armed robbery at issue in this case on January 19, 2008. On February 11, 2008, Allen pleaded no contest to the grand theft charge from November 30, and he was committed to a moderate-risk juvenile program. Thus, when Allen was before the court for disposition on April 23, 2008, he had been previously adjudicated delinquent for the grand theft of a firearm charge, but that adjudication occurred after Allen had committed the armed robbery at issue.
Faced with these facts, Allen argued that he had not been “previously adjudicated” for an offense involving a firearm as required by section 985.557(2)(d)(2)(a) because he committed the armed robbery before he was adjudicated on the grand theft charge. Thus, according to Allen, the trial court was not required to sentence him under section 985.557(2)(d)(2)(a) because he did not have a prior adjudication for an offense involving a firearm when he committed the offense at issue. In contrast, the State argued that the trial court was required to sentence Allen under section 985.557(2)(d)(2)(a) because he had a prior adjudication for an offense involving a firearm when he appeared for sentencing on the pending charge. The trial court focused on Allen’s status when he committed the offense at issue and found that, at that time, Allen had a pending charge, not a prior adjudication. Thus, the court found that Allen did not qualify for sentencing under section 985.557(2)(d)(2)(a). The State challenges this ruling in this appeal. However, because section 985.577(2)(d)(2)(a) is ambiguous as to when the “previous!] adjudication]” must occur, the rule of lenity supports the trial court’s ruling.
As noted above, section 985.557(2)(d)(2)(a) states, in pertinent part,
*459 2. Upon transfer, any child who is:
a. Charged under sub-subparagraph l.a. and who has been previously adjudicated or had adjudication withheld for a forcible felony offense or any offense involving a firearm, or who has been previously placed in a residential commitment program, shall be subject to sentencing under s. 775.087(2)(a), notwithstanding s. 985.565.
Nothing in this language indicates whether the prior adjudication must occur before the juvenile commits the charged crime, before the information is filed for the charged crime, or before the juvenile is sentenced for the charged crime. Because this statutory language is ambiguous, it must be interpreted in the manner most favorable to the juvenile. See § 775.021(1) (holding that penal statutes “shall be strictly construed” but that any ambiguities “shall be construed most favorably to the accused”); see also State v. Drury, 829 So.2d 287, 289 (Fla. 1st DCA 2002) (holding that the rule of lenity permitted the trial court to sentence a juvenile to a youthful offender sentence rather than a 10/20/Life sentence when the juvenile was charged under the previous version of section 985.557(2)(d)(l)).
The ambiguity in the language of section 985.557(2)(d)(2)(a) is apparent when it is compared with the language of section 985.557(2)(a). That section provides, in pertinent part,
(a) With respect to any child who was 16 or 17 years of age at the time the alleged offense was committed, the state attorney shall file an information if the child has been previously adjudicated delinquent for an act classified as a felony, which adjudication was for the commission of, attempt to commit, or conspiracy to commit murder, sexual battery, armed or strong-armed robbery, carjacking, home-invasion robbery, aggravated battery, or aggravated assault, and the child is currently charged with a second or subsequent violent crime against a person.
§ 985.557(2)(a) (emphasis added). Under that section, it is clear that the prior adjudication must occur before the information is filed. No such comparable language relating to the timing of the prior adjudication appears in section 985.557(2)(d)(2)(a). Indeed, the only possible “timing” language in section 985.557(2)(d)(2) is “upon transfer”; however, no “transfer” of the case occurs when an information is direct filed against a juvenile. Under the rule of lenity, this patent ambiguity must be construed in favor of Allen, and the trial court’s finding that Allen did not have a prior adjudication for an offense involving a firearm must be affirmed.
Accordingly, we reverse Allen’s sentence and remand for further proceedings. On remand, the trial court may sentence Allen as an adult pursuant to section 985.565(4)(a)(2)(a); as a youthful offender pursuant to section 985.565(4)(a)(2)(b); or as a juvenile pursuant to section 985.565(4)(a)(2)(c), but any juvenile sentence must be commitment to a high-risk or maximum-risk juvenile facility pursuant to section 985.557(2)(d)(3). Because Allen entered his plea based on the trial court’s offer of commitment to a moderate-risk program, Allen must be given the option on remand of either agreeing to a legal sentence or withdrawing his plea.
Reversed and remanded for further proceedings.
FULMER, J., and CASE, JAMES R., Associate Senior Judge, concur.