ROWE, J.
 

 The appellant raises three issues on appeal. We affirm as to the appellant’s first two issues, but reverse and remand as to the third issue: Whether the trial court erred in ruling that a youthful offender sentence cannot be imposed in lieu of a mandatory minimum sentence under the 10/20/Life statute. We find that remand is necessary because the record demonstrates that the trial court was mistakenly under the impression that it lacked discretion to sentence the appellant as a youthful offender.
 

 At sentencing, Bennett’s counsel urged the trial court to sentence him as a youthful offender under section 958.04, Florida Statutes (2007), while the state requested a 15-year sentence with a 10-year mandatory minimum sentence under the 10/20/Life statute, section 775.087, Florida Statutes (2007). The trial court repeatedly expressed the view that it had no discretion to sentence the appellant as a youthful offender in lieu of the 10-year mandatory minimum sentence under the 10/20/Life statute:
 

 THE COURT: I don’t think I can [impose a youthful offender sentence]. I read the statute. The statute on 10/20/ Life is pretty clear. Most of the language says shall; it doesn’t say may. It
 
 *694
 
 doesn’t give the Court any discretion in my reading of the statute.
 

 [[Image here]]
 

 I don’t think that there is any provision that I’ve been shown that allows the Court not to impose the minimum mandatory.
 

 [[Image here]]
 

 We couldn’t find any case law where it had been discussed, maybe because it is fairly new, but I don’t think I have any authority to deviate from what the statute requires the Court to do on an offense where a gun was used.
 

 Contrary to the trial court’s discussion on the record, there is well-established case law directly on point which holds that a trial court has the option of avoiding a 10/20/Life sentence, and may instead impose a youthful offender sentence.
 
 See, e.g., Ruth v. State,
 
 949 So.2d 288 (Fla. 1st DCA 2007);
 
 State v. Drury,
 
 829 So.2d 287 (Fla. 1st DCA 2002);
 
 Postell v. State,
 
 971 So.2d 986 (Fla. 5th DCA 2008).
 

 In
 
 Drury,
 
 this court expressly held that “a trial court may sentence a defendant to a youthful offender sentence in lieu of the 10/20/Life statute’s minimum mandatory requirement.”
 
 Id.
 
 at 290. (Emphasis in original.) The court also addressed the use of the mandatory language in the 10/20/Life statute and found that even though the language of the statute provides for mandatory sentencing using the word “shall,” a trial court may, nevertheless, impose a youthful offender sentence rather than a 10/20/Life sentence.
 
 Id.
 
 at 288 (citing
 
 Holmes v. State,
 
 688 So.2d 986, 987 (Fla. 1st DCA 1994)).
 

 Similarly, in
 
 Postell,
 
 the court held that the defendant was entitled to a new sentencing hearing due to the trial court’s mistaken belief that youthful offender sentencing was not available. In
 
 Holmes,
 
 638 So.2d at 987, this court found that remand was necessary where the record showed that the trial court was under the impression that it did not have the option of sentencing a defendant under the youthful offender statute where the defendant had used a firearm.
 
 See also Ruth v. State,
 
 949 So.2d at 290.
 

 As in those cases where the record showed that the trial court incorrectly believed it lacked discretion to impose a youthful offender sentence rather than a sentence under the 10/20/Life statute, remand is necessary here to allow the trial court to exercise its discretion in sentencing. However, in accord with established precedent, we note on remand that the appellant “is merely entitled to a resen-tencing in which the trial court is fully informed of its discretion to sentence appellant as a youthful offender; appellant is not necessarily entitled to resentencing as a youthful offender.”
 
 Id.
 
 (citing
 
 Holmes,
 
 638 So.2d at 987).
 

 AFFIRMED in part, REVERSED in part, and REMANDED for resentencing in accord with this opinion.
 

 VAN NORTWICK and PADOVANO, JJ., concur.