JACOBUS, J.
Andrew Urban appeals his convictions and sentences for possession of cannabis and two counts of driving under the influence. Urban raises two issues. First, he argues the trial court erred by denying his motion for judgment of acquittal. We find the evidence was sufficient and reject this argument without further comment. In his second issue, Urban contends the trial court applied the wrong version of Florida’s Youthful Offender Act at sentencing. The State concedes error on this point. On the date of Urban’s offenses, September 27, 2008, a trial court could impose a youthful offender sentence under section 958.04(l)(b), Florida Statutes, if the defendant committed the crime before his 21st birthday. On October 1, 2008, section 958.04(l)(b) was amended to require the *1114 defendant to be under the age of 21 at the time of sentencing. As luck would have it, Urban was under 21 on the date he committed the crimes, but over 21 on the date of sentencing. The trial court declined to consider a youthful offender sentence, retroactively applying the amended version of the statute. This was error. The trial court should have applied the statute in effect on the date of the crime, not the date of sentencing. See Postell v. State, 971 So.2d 986 (Fla. 5th DCA 2008); Allen v. State, 383 So.2d 674 (Fla. 5th DCA 1980).
Therefore, we affirm Urban’s convictions but reverse his sentences. We remand for resentencing under the correct version of the youthful offender statute. We do not hold that Urban should be sentenced as a youthful offender, only that the trial court must consider a youthful offender sentence at a de novo sentencing hearing on remand.
AFFIRMED in part; REVERSED in part and REMANDED with instructions.
MONACO, C.J., and ORFINGER, J., concur.