PER CURIAM.
We grant this petition alleging ineffective assistance of appellate counsel and remand for a new sentencing hearing at which the court shall consider youthful offender sanctions. Petitioner was convicted after jury trial of burglary with a firearm and aggravated battery with a firearm. The jury found that he discharged a firearm and inflicted great bodily harm. Petitioner admitted his involvement in the offense and that he was present, but maintained that he was not the shooter. Petitioner was twenty years of age at the time of the offense and had no prior criminal record. At the time of sentencing, petitioner was twenty-one years of age.
In 2008, the legislature amended the youthful offender statute. Ch.2008-250, § 7, Laws of Fla. Previously, the statute permitted a court to impose a youthful offender sentence if the crime was “committed before the defendant’s 21st birthday.” § 958.04(l)(b), Fla. Stat. (2007) (emphasis supplied). After the change, the statute permits a court to impose a youthful offender sentence “if the offender is younger than 21 years of age at the time sentence is imposed.” § 958.04(l)(b), Fla. Stat. (2008) (emphasis supplied).
At sentencing, the court indicated that it lacked discretion to sentence petitioner as a youthful offender because he was twenty-one years of age at the time of the sentencing hearing. Defense counsel argued that the court had discretion because the offense was committed when petitioner was under twenty-one years of age. The prosecutor expressed that he did not feel good about the twenty-five year mandatory sentence but that the change in law deprived the court of discretion. The *1146 court imposed the twenty-five year mandatory for both counts to run concurrently.
Petitioner was entitled to have the law in effect at the time the offense was committed applied at sentencing. The court erred in determining that it lacked discretion to impose a youthful offender sentence. Urban v. State, 46 So.3d 1113, 1114 (Fla. 5th DCA 2010). Appellate counsel was ineffective in failing to raise this preserved error.
The petition is granted, and the sentence is vacated. The trial court shall hold a new sentencing hearing and consider imposing youthful offender sanctions.

Petition granted. Remanded for resen-tencing.

WARNER, POLEN and TAYLOR, JJ, concur.