GERBER, J.
The defendant appeals the circuit court’s denial of his Florida Rule of Criminal Procedure 3.800(b)(2) (2011) motion to correct sentencing error on his convictions for robbery while in actual possession of a firearm. He argues the court erred in finding that the 10-20-Life statute’s ten-year minimum mandatory provision[1] precluded consideration of a youthful offender sentence. We agree with the defendant’s argument. Therefore, we reverse on that argument and remand for resentencing.[2]
The state charged the defendant in two cases with, collectively, seven counts of robbery while in actual possession of a firearm and one count of armed burglary. The defendant ultimately entered an open no contest plea and filed a motion to be sentenced as a youthful offender pursuant to section 958.04(1), Florida Statutes (2008).[3]
At the sentencing hearing, the court read aloud the presentence investigation *1266 report (PSI), which stated: “It is the opinion of this officer that the defendant be sentenced to a period of incarceration in the Department of Corrections as a youthful offender.” After reading aloud the PSI, the court had the following exchange with defense counsel:
COURT: [The investigator] makes these recommendations [for the defendant]; two years Florida State Prison followed by supervision, I mean, that’s not even a legal sentence. It’s a ten year minimum mandatory.
[DEFENSE]: But as a [youthful offender].
COURT: [Youthful offender] you don’t goto ... state prison.
(emphasis added).
Shortly thereafter, the court denied the defendant’s motion for youthful offender sentence. The court sentenced the defendant to the guidelines minimum of 25.85 years in prison on all counts to run concurrently, with a ten-year minimum mandatory term on the counts for robbery while in actual possession of a firearm pursuant to the 10-20-Life statute. In pronouncing the sentence, the court stated:
Bottom of the guidelines. That’s all the discretion that I have to do. I denied the youthful offender sentence, so it should be clear on the record if there’s any problem with that.
(emphasis added).
The defendant later filed his Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error. In the motion, the defendant argued the court erred in finding that he was not eligible for a youthful offender sentence due to the ten-year minimum mandatory term on the counts for robbery while in actual possession of a firearm pursuant to the 10-20-Life statute. A successor judge denied the motion.
This appeal followed. The defendant argues the circuit judges erred in finding that the 10-20-Life statute’s minimum mandatory provision precluded consideration of a youthful offender sentence. Our review of this argument is de novo. See State v. Flynn, 95 So.3d 436, 437 (Fla. 4th DCA 2012) (“Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo.”) (citation omitted); cf. Goldwire v. State, 73 So.3d 844, 845-46 (Fla. 4th DCA 2011) (de novo is the proper standard of review of a court’s finding that it no longer had the discretion to impose a youthful offender sentence because of the defendant’s violation of probation based on substantive charges).
We agree with the defendant’s argument. The sentencing judge stated two incorrect legal conclusions during its sentence, which requires a new sentencing hearing as a result.
First, the sentencing judge erred in stating that a two-year youthful offender sentence would not have been a legal sentence because of the 10-20-Life statute’s ten-year minimum mandatory sentence requirement. The youthful offender statute’s plain language provides that a court may impose a youthful offender sentence upon a person meeting the statute’s enumerated criteria “[i]n lieu of other criminal penalties authorized by law” unless the person “has been found guilty of a capital or life felony.” § 958.04(2) & (1)(c), Fla. Stat. (2008). Our sister courts have held that this plain language gives a trial court the discretion to impose a youthful *1267 offender sentence in lieu of the 10-20-Life statute’s minimum mandatory sentence. Bennett v. State, 24 So.3d 693, 694 (Fla. 1st DCA 2009); Postell v. State, 971 So.2d 986, 989 (Fla. 5th DCA 2008); State v. Wooten, 782 So.2d 408, 410 (Fla. 2d DCA 2001). The first and second districts also have held that the charge involved here, robbery while in actual possession of a firearm, is a first-degree felony, not a life felony, and as such, is not excepted from the youthful offender statute’s consideration. Ruth v. State, 949 So.2d 288, 289-90 (Fla. 1st DCA 2007); Simpkins v. State, 784 So.2d 1203, 1204 (Fla. 2d DCA 2001). We agree with our sister courts’ holdings.
Second, the sentencing judge erred in stating that a person sentenced as a youthful offender does not go to state prison. The youthful offender statute allows a court to commit the person, among other possible penalties, “to the custody of the department for a period of not more than 6 years” subject to certain conditions. § 958.04(2)(d), Fla. Stat. (2008). The “department” means the Department of Corrections. § 958.03(1), Fla. Stat. (2008).
We have considered the state’s arguments in support of affirming the circuit court’s denial of the motion to correct sentencing error. We conclude without further discussion that those arguments lack merit.
Based on the foregoing, we reverse the circuit court’s denial of the motion to correct sentencing error. We remand for resentencing. We note on remand that the defendant “is merely entitled to a re-sentencing in which the trial court is fully informed of its discretion to sentence [the defendant] as a youthful offender; [the defendant] is not necessarily entitled to resentencing as a youthful offender.” Bennett, 24 So.3d at 694 (citation omitted). Put another way, “[w]e do not suggest [the defendant] is necessarily entitled to resen-tencing as a youthful offender; rather, [the defendant] is entitled to be sentenced at a proceeding at which the trial court is fully informed of its discretion.” Postell, 971 So.2d at 989.

Affirmed in part, reversed in part, and remanded for resentencing.

STEVENSON and LEVINE, JJ., concur.

. See § 775.087(2)(a)1.c„ Fla. Stat. (2008) ("Any person who is convicted of a felony or an attempt to commit a felony, regardless of whether the use of a weapon is an element of the felony, and the conviction was for ... [rjobbery ... and during the commission of the offense, such person actually possessed a ‘firearm’ or 'destructive device’ as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years....”).

. The defendant also appealed the circuit court’s denial of his motion to withdraw plea. We affirm that denial without further discussion.

. Section 958.04(1), Florida Statutes (2008), provides:
The court may sentence as a youthful offender any person:
(a) Who is at least 18 years of age or who has been transferred for prosecution to the criminal division of the circuit court pursuant to chapter 985;
(b) Who is found guilty of or who has tendered, and the court has accepted, a plea of nolo contendere or guilty to a crime that is, under the laws of this state, a felony if the offender is younger than 21 years of age at the time sentence is imposed; and
*1266 (c) Who has not previously been classified as a youthful offender under the provisions of this act; however, a person who has been found guilty of a capital or life felony may not be sentenced as a youthful offender under this act.