# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1403
Lower Tribunal No. 13-19157B
_____


**Carlos A. Pacheco-Velasquez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jason E. Bloch, Judge.

Andrés A. Quintero, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.


Before LAGOA, EMAS and LOGUE, JJ.

EMAS, J.

Appellant Carlos A. Pacheco-Velasquez appeals the trial court's order denying his motion, pursuant to Florida Rule of Criminal Procedure 3.850, to vacate his plea, sentence and judgment. The gravamen of appellant's claim is that the negotiated plea between the State and himself, and the resulting judgment, were illegal and void. We find no merit in this argument and affirm.[1]

Appellant and the State negotiated an agreed-upon plea; pursuant to the negotiated terms, appellant entered a guilty plea to the charged offense of robbery with a weapon, a first-degree felony punishable by up to life in prison. See § 812.13(2)(a), Fla. Stat. (2013). The parties agreed to a Youthful Offender disposition, which included a withhold of adjudication, two years of community control followed by four years of reporting probation, with special conditions of 364 days in the county jail and the local boot camp program. The trial court accepted the negotiated plea, withheld adjudication, and imposed a Youthful Offender sentence with the terms and conditions described above.

Appellant alleges that, while he was still on community control and in the process of completing the boot camp program, he was "taken into custody by the former Immigration and Naturalization Service for purposes of removal proceedings" based upon the proceedings and disposition in the instant case.

---

[1] The other issues raised by appellant are without merit and require no further discussion.

Thereafter, Appellant filed a motion to vacate the Youthful Offender judgment and sentence, contending that a withhold of adjudication was prohibited by section 775.08435(1)(a), Florida Statutes (2013), and thus the judgment was "illegal" and "void." Appellant contends that, because the trial court was not authorized to withhold adjudication of guilt in this case, the judgment was void *ab initio*, and therefore the judgment, and the sentence imposed upon that judgment, must be vacated.[2] Specifically, appellant asserts that section 775.08435(1)(a) required the trial court to adjudicate appellant guilty and that the trial court was without authority to withhold adjudication for the offense of robbery with a weapon. That subsection provides, in pertinent part, that "the court may not withhold adjudication of guilt upon the defendant for. . . [a]ny capital, life, or first degree felony offense." Id.

Read in a vacuum, it would appear that the trial court did not have the authority to withhold adjudication for the offense of robbery with a weapon, a first-degree felony punishable by life. However, the mandatory adjudication statute, which was adopted by the Florida Legislature in 2004,[3] cannot be read in a

_____

[2] Because we hold that the judgment was validly imposed, we need not address the State's additional arguments: that the failure to comply with the requirements of section 775.08435(1)(b) does not constitute fundamental error when such error benefits the defendant; and that appellant is estopped or otherwise precluded, under principles of contract law, from challenging the validity or legality of the judgment which was mutually agreed to by the parties and which was knowingly accepted by appellant.

[3] See Ch. 2004-60, §1, Laws of Fla. (effective July 1, 2004).

vacuum; it must be read together with the Florida Youthful Offender Act, adopted in 1978. The Legislature created Chapter 958 to provide the trial court with adult sentencing alternatives for certain offenders under age twenty-one who meet the eligibility criteria for sentencing as a youthful offender.[4]

Section 958.04(2)(a), Florida Statutes (2013), provides the authority to impose the very judgment and sentence imposed by the trial court in the instant case:

> (2) In lieu of other criminal penalties authorized by law and notwithstanding any imposition of consecutive sentences, the court shall dispose of the criminal case as follows:
>
> (a) The court may place a youthful offender under supervision on probation or in a community control program, with or without an adjudication of guilt, under such conditions as the court may lawfully impose for a period of not more than 6 years. Such period of supervision may not exceed the maximum sentence for the offense for which the youthful offender was found guilty.

(Emphasis added).

We hold that this provision expressly authorizes a trial court, "in lieu of other criminal penalties authorized by law," to withhold adjudication of guilt, even if, as in this case, the offense constitutes a first-degree felony, which would under

---

[4] For example, a youthful offender disposition is not available for capital or life offenses. See § 958.04(1)(c) (providing ". . . a person who has been found guilty of a capital or life felony may not be sentenced as a youthful offender under this act"). For sentencing purposes, robbery with a weapon is classified as a first-degree felony, not a life felony, and therefore such an offense is eligible for youthful offender treatment. Simpkins v. State, 784 So. 2d 1203 (Fla. 2d DCA 2001); Hill v. State, 434 So. 2d 974 (Fla. 5th DCA 1983).

other circumstances render a withhold of adjudication impermissible under section 775.08435(1)(a). The mandatory adjudication provision of section 775.08435(1)(a) is inapplicable to, and does not supersede, a judgment and sentence imposed pursuant to the Youthful Offender Act. See Sloane v. State, 884 So. 2d 378 (Fla. 2d DCA 2004) (holding that the mandatory adjudication provision for one found guilty of DUI (§ 316.656(1), Fla. Stat.) is inapplicable where a defendant is sentenced as a youthful offender); State v. Gibron, 478 So. 2d 475 (Fla. 2d DCA 1985) (recognizing that the Youthful Offender Act permits the trial court to withhold adjudication for the offense of vehicular manslaughter, even though section 316.656(1) prohibits the trial court from withholding an adjudication of guilt for such offense). See also State v. Oglester, 830 So. 2d 125 (Fla. 3d DCA 2002) (holding that mandatory minimum sentence required under 10-20-Life statute (section 775.087(2)) does not supersede Youthful Offender statute and trial court has discretion to impose youthful offender sentence without any mandatory minimum); State v. Richardson, 766 So. 2d 1111 (Fla. 3d DCA 2000) (holding trial court had discretion to mitigate drug trafficking sentence from fifteen-year mandatory minimum sentence to a six-year youthful offender sentence with no mandatory minimum); Gallimore v. State, 100 So. 3d 1264 (Fla. 4th DCA 2012) (holding minimum mandatory provisions of 10-20-Life statute do not supersede sentencing provisions of Youthful Offender Act); Darrow v. State, 789

So. 2d 552 (Fla. 5th DCA 2001) (same); State v. Wooten, 782 So. 2d 408 (Fla. 2d DCA 2001) (same); Holmes v. State, 638 So. 2d 986 (Fla. 1st DCA 1994) (same).

Affirmed.